STATE OF MISSOURI EX REL. W. J. MACK, Relator, v. HONORABLE MICHAEL J. SCOTT, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.—235 S. W. 2d 106.

St. Louis Court of Appeals.   Opinion filed December 19, 1950.

*Evans & Dixon, John F. Evans* and *William W. Evans,* for relator.

*Reardon* and *Lyng* and *Russell M. MacLeod,* for respondent.

HOUSER, C.—This is an original proceeding filed in this court by relator W. J. Mack, denominated a "Petition for Writs of Prohibition and Mandamus," in which relator seeks a writ of prohibition to restrain and prevent Honorable Michael J. Scott, Judge of the Circuit Court of the City of St. Louis, Missouri, presiding in Division No. 1, from attempting to force relator to file an answer and proceed to trial in the case of John Sullivan v. W. J. Mack and E. F. Batson, pending in Division No. 1 of that court, and for a writ of mandamus commanding and requiring Judge Scott to dismiss that case as to relator.

Relator's petition was filed on June 26, 1950. On July 18, 1950 our preliminary writ of prohibition issued commanding respondent to make return on or before August 18, 1950; to show cause why final judgment in prohibition should not be entered, and directing him to take no further action in the premises until the further order of this court.

By stipulation of the parties it appears that relator is a resident of the City of St. Louis, Missouri; that John Sullivan is a resident of the County of St. Louis and that E. F. Batson is likewise a resident of the County of St. Louis.

Relator's petition pleads the following facts: that respondent is a duly elected, qualified and acting Judge of the Circuit Court of the City of St. Louis, Missouri, presiding in Division No. 1 thereof; that on February 3, 1950, relator W. J. Mack filed a cause of action for damages for personal injuries and property loss in the Circuit Court of St. Louis County, Missouri, naming E. F. Batson, J. C. Batson and Leland A. Batson, Co-partners, doing business as E. F. Batson & Sons, Contractors, and John Sullivan as defendants; that on February 4, 1950 a summons and a copy of the petition were properly served upon defendants E. F. Batson, J. C. Batson and Leland A. Batson; that on February 6, 1950 a summons and a copy of the petition were properly served upon John Sullivan; that John Sullivan filed an answer to the petition on February 18, 1950; that defendants E. F. Batson, J. C. Batson and Leland A. Batson filed a joint answer to the petition on March 15, 1950; that said cause is now pending in the Circuit Court

of St. Louis County, Missouri; that thereafter, on April 11, 1950, a petition was filed in the Circuit Court of the City of St. Louis, Missouri, for damages for personal injuries wherein said John Sullivan is plaintiff and relator W. J. Mack and said E. F. Batson are defendants; that said petition "shows on its face that the claim asserted therein arises out of the same transaction or occurrence as does the prior claim asserted by Relator in Cause No. 188633 pending in the Circuit Court of St. Louis County, Missouri"; that thereafter relator filed a motion to dismiss said cause, which was presented to and overruled by respondent; that respondent "is assuming alleged jurisdiction over said cause * * *, and has ordered and is threatening to force Relator to file a pleading to John Sullivan's petition therein, and to force Relator to defend said action and to go to trial in the Circuit Court of the City of St. Louis thereon."

The above allegations constitute the first four paragraphs of the relator's petition.

The petition goes on to allege that if required to file an answer and proceed to trial in the City of St. Louis relator "will be deprived of the rights accorded him by Section 73 of the Civil Code (1939 Mo. R.S.A., Section 847.73) ; that Relator has no adequate remedy at law, and that remedy by appeal is inadequate; that in overruling Relator's motion to dismiss and in ordering and threatening to force Relator to file an answer and go to trial * * *, Respondent acted and is acting illegally and without jurisdiction, or in excess of jurisdiction and in abuse of power." Relator's petition was supported by Exhibits A, a copy of the petition in the suit in St. Louis County; B, a copy of the summons and certificates of personal service; C, a copy of the defendant John Sullivan's answer in the suit in St. Louis County, which was a general denial; D, a copy of the answer of the defendants Batson in the suit in St. Louis County; E, a copy of the petition of John Sullivan in the Circuit Court of the City of St. Louis; F, a copy of the motion of defendant W. J. Mack to dismiss filed in the suit in the Circuit Court of the City of St. Louis, in which W. J. Mack raised the obection of "another action pending," claimed that the plaintiff John Sullivan's cause of action should be asserted by way of counterclaim in the suit pending in the Circuit Court of St. Louis County, and that the action in the city if not dismissed would harass W. J. Mack by subjecting him to a multiplicity of suits and to unnecessary expenses occasioned thereby; and G, a copy of the affidavit of W. J. Mack in support of his motion to dismiss filed in the Circuit Court of the City of St. Louis.

Respondent, on July 28, 1950, filed his return admitting the facts set out in the first four paragraphs of relator's petition and opposing the issuance of the permanent writ for the following reasons:

## I

"That said petition for the Writ of Prohibition is improperly joined with another cause of action, namely Mandamus, all in violation of the law and statute in such case made and provided, (Sec. 1776, Mo. Rev. St. Anno.) "

## II

"That said petition fails to state a cause of action."

## III

"That said petition fails to set out facts which entitle Relator to· the relief prayed."

## IV

"That the Relator has an adequate remedy at law."

## V

"That the facts set out in Relator's petition clearly show that as a matter of law, the Respondent herein, has jurisdiction and legal authority to do that which it is sought to prevent him from doing, and that the rulings complained of were not in excess of said jurisdiction."

Thereafter, and on August 23, 1950, relator filed his motion for judgment on the pleadings.

A comparison of Exhibit A, the petition filed by W. J. Mack in the Circuit Court of St. Louis County, and Exhibit E, the petition filed by John Sullivan in the Circuit Court of the City of St. Louis, reveals that both petitions involve claims for personal injuries and medical expenses based on negligence and arising out of a collision between the automobiles of Sullivan and Mack; that at the time of the collision the Sullivan automobile was being towed by a truck owned by E. F. Batson (or the defendants Batson in the County suit) ; and that the collision occurred near the intersection of Highway No. 66 and Sappington Road in St. Louis County, Missouri on November 4, 1949.

The question is whether under the admitted facts the preliminary writ of prohibition issued by this court should be made absolute.

Adverting to respondent's objection I, that of improper joinder, R.S.Mo., 1939, Section 1776, Mo.R.S.A. § 1776, provides in part as follows: "Applications for the remedy of prohibition shall not be joined with any other or different cause of action * * *." It is apparent that in filing a "double-barreled" petition, labeled "Petition for Writs of Prohibition and Mandamus" and praying for both types of relief, relator ignored the statute. When the error was pointed out in respondent's suggestions in opposition to the issuance of the writs relator abandoned the mandamus "side" of his petition and stood on the allegations and prayer for prohibition. Acting thereon we issued our temporary writ of prohibition, and are not disposed at this time

to arrest the proceedings on account of the improper admixture of the two remedies in the first application. To do so would be hyper-technical, impose unnecessary burdens on the parties, and serve only to delay the final disposition of the matter. Instead, we will treat as surplusage all references to mandamus appearing in the petition, and specifically hold that the inclusion of the extraneous matter was not fatal, in view of the fact that it was abandoned.

Taking respondent's objections II and III together, failure to state a cause of action and failure to state facts entitling relator to the relief prayed, the contention is that the petition "does not set out the damage, loss, hardship or injury that he will sustain" if the writ is denied him. Relator's petition alleges that he "will be deprived of the rights accorded him by Section 73 of the Civil Code," and in Exhibit F, which is made a part of the petition and therefore can be considered for this purpose, he states that he will be subjected to a multiplicity of suits and to unnecessary expenses in connection therewith.

As we shall see, infra, the rights of which relator will be deprived by the action of respondent in continuing to entertain jurisdiction in the second suit are certain, definite and substantial. By the very nature of things relator will be required to take new and additional legal steps to protect himself in that he will be required to defend the second suit, with its incidental trouble and expense, and, as we shall see, he will be deprived of the right to trial by jury in a forum of his own choosing. Without further elaboration these are sufficient injuries to justify resorting to the remedy of prohibition.

In IV respondent contends that relator has an adequate remedy at law, in that relator may file a counterclaim in the action now pending in the Circuit Court of the City of St. Louis.

The mere fact that there is a concurrent remedy does not require this court in a proper case to decline to award the extraordinary remedy. State ex rel. Ellis v. Elkin, 130 Mo. 90, 30 S.W. 333. The remedy of counterclaim in the second suit is not reasonably adequate. The relator in the original suit instituted in the Circuit Court of St. Louis County had a right to proceed in the forum of his choice without awaiting the contingencies of the subsequent action filed in the Circuit Court of the City of St. Louis. In fact, if the Judge of the Circuit Court of St. Louis County before whom the original suit is pending had undertaken to stay relator's prior suit in that court to abide the result of the action subsequently filed in the Circuit Court of the City of St. Louis, he could have been prohibited. See State ex rel. Elliott v. James, 239 Mo. App. 970, 194 S.W. 2d 700, wherein the court said, loc.cit. 703:

"Relator had a right to proceed with her maintenance case without awaiting the contingencies and outcome of her husband's subsequent divorce case at Kansas City,"

and the court went on to say that the action of the Circuit Judge in undertaking to stay the first suit, page 705,

"* * * would be to deprive relator of her absolute present right to proceed with the prosecution of her prior and independent action; would be an excess of the court's legitimate authority, unwarranted in law, and an abuse of the court's discretion, if any, in the premises."

The same thought is expressed by the Supreme Court in Finley v. Smith, 352 Mo. 465, 178 S.W. 2d 326, loc.cit. 331:

"After the institution of an action for personal injuries and the service of process in a forum fully vested with jurisdiction, the named defendants * * * ordinarily should not be permitted to thwart plaintiff's right to a trial by a jury in the forum of his choice and force plaintiff to an adjudication of his rights in a court of equity or to seek relief (perhaps only partial and considered of no practical benefit by plaintiff) before a jury in a different co-ordinate forum."

Although the last cited case was not a proceeding prohibition, it succinctly expresses the right which we think relator enjoys in this instance to have his cause determined in the forum of his choice. Manifestly, the relator would not be able to have his case heard before a jury in the forum of his choice if forced to go. to trial in the Circuit Court of the City of St. Louis and in that respect the legal remedy is inadequate.

Under his point V respondent claims that he has jurisdiction and authority to proceed with the lawsuit and that his rulings were not in excess of his jurisdiction.

Courts of co-ordinate jurisdiction "have no power or jurisdiction to encroach upon or intermeddle with the power and authority of each other after one has taken jurisdiction of a case." State ex rel. Sullivan v. Reynolds, 209 Mo. 161, 107 S.W. 487. Where two courts have concurrent jurisdiction of the subject matter of an action the one in which the proceeding is first begun and in which jurisdiction over the subject matter and the parties is first acquired retains exclusive jurisdiction where the same proceeding is later commenced in the other court. State ex rel. Townsend et al. v. Mueller, 330 Mo. 641, 51 S.W. 2d 8. The rule has been more lately stated in State ex rel. Fromme v. Harris, Mo. App., 194 S:W. 2d 932, loc.cit. 933, as follows:

"It is well settled that, where two actions involving the same subject are brought between the same parties to test the same right in different courts having concurrent jurisdiction thereof, the first court acquiring jurisdiction, if its power is adequate to the administration of complete justice, retains jurisdiction and may dispose of the whole controversy without the interference of any other court or courts of coordinate power. (Citing cases)."

The writ of prohibition is the proper remedy to prevent such encroachment. State ex rel. Aetna Life Ins. Co. v. Knehans, Mo.App., 31 S.W. 2d 226; State ex rel. Townsend et al. v. Mueller, supra.

Prior to the adoption of the Civil Code of Missouri the defense of a prior suit pending was held to apply only when the plaintiff in both suits was the same and both were commenced by himself, and was held not to apply to cross-suits by the plaintiff in one suit who was the defendant in the other. Thus, in State ex rel. Aetna Life Ins. Co. v. Knehans, supra, an insurance company sued the beneficiary of a life policy to cancel the policy and while that case was pending the beneficiary brought a suit against the insurance company on the policy. The insurance company filed a plea in abatement on the ground of another action pending and when overruled, sought a writ of prohibition to restrain the judge in the second case from proceeding until the first action was finally disposed of. This court, in quashing its preliminary writ, held that the defense of "prior suit pending" was not available to the insurance company where the position of plaintiff and defendant was reversed in the two cases; that while the beneficiary might have asserted her claim on the policy in the form of a counterclaim in the equity suit, nevertheless "such action was not compulsory upon her, and the fact that she elected to pursue the course she did is not ground for the abatement of the second action."

Under the code provisions then in force counterclaims arising out of the same transaction or occurrence were permissive, and not compulsory. That situation, however, has been changed by the enactment by the General Assembly of Section 73 of the Civil Code of Missouri, which provides:

"A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrences that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Mo.R.S.A. § 847.73, Code § 73, Laws 1943, p. 377.

This section makes the counterclaim therein specified *compulsory*. Chamberlain v. Mo.-Ark. Coach Lines, Mo.Sup., 189 S.W. 2d 538, loc.cit. 540; State ex rel. Fawkes v. Bland, 357 Mo. 634, 210 S.W. 2d 31, loc.cit. 33; Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W. 2d 471, loc.cit. 474.

A party failing to set up by way of counterclaim in the original suit any related claims he may have against the opposite party waives the claims, and cannot later assert them. This is the construction placed on this statute by the Missouri courts, State ex rel. Fawkes v. Bland, supra; Cantrell v. City of Caruthersville, supra,

and is the construction given the original Federal Rule 13a, which is identical with our Section 73, by the Federal courts. See Vol. I Carr, Missouri Civil Procedure, pp. 525-535.

Section 73 fits the situation in the case at bar. The claim of John Sullivan was not the subject of a pending action at the time he filed his answer. John Sullivan had the claim against W. J. Mack at that time, i.e., it had fully matured. The claim arose out of the transaction or occurrence at Sappington Road and Highway No. 66 on November 4, 1949, which was the subject matter of W. J. Mack's petition. The claim did not require for its adjudication the presence of third parties of whom the court could not acquire jurisdiction. (The only third parties involved—the Batsons—were at that time personally served with process). It was, therefore, obligatory on defendant John Sullivan in the suit in the Circuit Court of St. Louis County to set up his action against W. J. Mack by way of counterclaim, under pain of waiving it by failure to do so. Under the circumstances of this case he could not invoke the aid of any other court in the assertion of his claim, or in any manner other than by way of counterclaim in the original suit, and the respondent, in entertaining Sullivan's suit was acting in excess of his jurisdiction, and was without jurisdiction.

Relator, therefore, is entitled to have final judgment in prohibition restraining and preventing respondent from attempting to force relator to file an answer and to proceed to trial in the case of John Sullivan v. W. J. Mack and E. F. Batson, Cause No. 36665-D now pending in the Circuit Court of the City of St. Louis, Missouri, and the Commissioner recommends that such a permanent writ of prohibition issue.

The preliminary writ of prohibition is, therefore, made permanent. *Anderson, P. J.,* and *McCullen* and *Bennick, JJ.,* concur.

PER CURIAM:—The foregoing opinion of Houser, C., is adopted as the opinion of the court.