STATE of Missouri ex rel. John F.
BUCHANAN, Relator,

v.

The Honorable Richard C. JENSEN, Judge
of the ·Circuit Court of Jackson County,
Missouri, at Independence, Respondent.

No. 50394.

Supreme Court of Missouri,

En Banc.

June 8, 1964.

Richard P. Sprinkle, Sprinkle, Carter,
Sprinkle & Larson, Kansas City, for rela-
tor.

STORCKMAN, Judge.

This is an original proceedings to prohibit
the respondent judge from taking, entering,
or exercising further jurisdiction in a
personal injury action in which Alice
Simpson is plaintiff and John F. Buchanan,
the relator herein, is defendant. The ques-
tion for decision is whether Alice Simpson's
cause of action is a compulsory counterclaim
within the meaning of Civil Rule 55.45
V.A.M.R. which can only be asserted in her
pleading as the sole defendant in an action

commenced by John F. Buchanan prior to the time her suit was filed.

Civil Rule 55.45 was amended September 11, 1961, effective May 1, 1962, to make it conform to Federal Rule 13(a), 28 U.S.C.A. The material part of the amended rule, 55.45(a), reads as follows:

"A pleading shall state as a counterclaim any claim which at the time of filing such pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

The chronology of relevant events is:

April 20, 1962—A collision occurred in Jackson County between automobiles operated by John F. Buchanan and Alice Simpson.

March 26, 1963—John F. Buchanan filed suit for damages against Alice Simpson in the Circuit Court of Jackson County, Missouri, at Kansas City.

April 5, 1963—Alice Simpson filed a separate and independent action for damages against John F. Buchanan in the Circuit Court of Jackson County, Missouri, at Independence.

April 23, 1963—Service was obtained upon the defendant Alice Simpson in the suit brought by John F. Buchanan.

April 30, 1963—Service was obtained upon the defendant John F. Buchanan in the suit brought by Alice Simpson.

May 16, 1963—The defendant Alice Simpson filed an answer in the suit brought by John F. Buchanan. On the same day Mr. Buchanan filed a motion to dismiss in the action brought by Alice Simpson.

June 7, 1963—The respondent judge of the Circuit Court at Independence overruled the motion of the defendant Buchanan to dismiss the action pending in Independence.

September 10, 1963—John F. Buchanan, as relator, filed his petition for prohibition in this court pursuant to which our provisional rule in prohibition was issued. The respondent filed a motion to dismiss and to quash the provisional rule which was taken as the respondent's return; in this state of the record the cause was submitted on the briefs and suggestions of the parties.

There is no denial that the claims in question arise out of the same transaction or occurrence. Mrs. Simpson filed her suit ten days after Mr. Buchanan filed his; however, she was not served with summons in the Buchanan case until eighteen days after filing her suit. She filed an answer but no counterclaim in the Buchanan case within the time allowed for pleading after the service of summons. The sole question presented is stated by the respondent in this manner: "May a person against whom suit has been filed, file his own suit against the person who has sued him *before* he must answer in the first case, and thus avoid counterclaiming in the original action?" The respondent contends that by filing her independent action Mrs. Simpson was relieved of pleading her claim as a counterclaim in the Buchanan suit. The respondent relies solely upon Hoover v. Abell, Mo.App., 231 S.W.2d 217, an opinion of the Kansas City Court of Appeals rendered May 8, 1950. This was before the clarifying amendment of the rule was ordered on September 11, 1961. The controversy in Hoover involved a building repair contract. The owner of the building sued for breach of contract and thereafter the contractor filed a mechanic's lien suit without counterclaiming in the owner's damage suit. The opinion held the contractor was not compelled to counterclaim because his lien claim was "the subject of a pending action * * * at the time of filing" his pleading in the damage suit. This was the language of Civil Rule 55.45 prior to 1961 and of the Federal Rule 13 before 1948. We need not determine whether the

construction of the former rule as made by the Kansas City Court of Appeals was justified because the rule is now changed and the purpose of the change is obvious. The amendment was ordered at the time Max v. Spaeth, Mo., 349 S.W.2d 1, 3 [7], was decided.

When the federal rule was amended in 1948, the Advisory Committee on Amendments to Rules in a note under Rule 13(a), 28 U.S.C.A., Rules 12 to 16, page 342, stated: "The removal of the phrase 'not the subject of a pending action' and the addition of the new clause at the end of the subdivision is designed to eliminate the ambiguity noted in Prudential Insurance Co. of America v. Saxe, 1943, 134 F.2d 16, 77 U.S.App.D.C. 144, 33–34, certiorari denied 63 S.Ct. 1033, 319 U.S. 745, 87 L.Ed. 1701. The rewording of the subdivision in this respect insures against an undesirable possibility presented under the original rule whereby a party having a claim which would be the subject of a compulsory counterclaim could avoid stating it as such by bringing an independent action in another court after the commencement of the federal action but before serving his pleading in the federal action."

■ The 1961 amendment brought Civil Rule 55.45 into harmony with Federal Rule 13(a) and removed the ambiguity referred to in the Advisory Committee's note. Likewise the amendment destroyed the rational foundation of the Hoover opinion and it is of no persuasive force in determining the meaning of the present rule. As the rule now stands, the claim of the pleader must be stated as a counterclaim if it arose out of the same transaction or occurrence, and jurisdiction of the required parties can be obtained unless the pleader's claim was the subject of another pending action *"at the time the action was commenced."* Italics added. A party can no longer avoid the impact of the compulsory counterclaim rule by bringing an independent action in another court after the commencement of the original action but before such party files his responsive pleading. This is the clear intent of the amendment and is consistent with the general purpose of the rule which is to avoid a multiplicity of suits and to dispose of litigation more expeditiously and properly. Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471, 474 [2]; Rape v. Mid-Continent Building Co., Mo.App., 318 S.W.2d 519, 522 [3].

■ As a general rule, the filing of a petition constitutes the commencement of an action. Tice v. Milner, Mo., 308 S.W.2d 697, 701 [6]; Deming v. Williams, Mo. App., 321 S.W.2d 720, 722 [2]; Maddux v. Gardner, 239 Mo.App. 289, 192 S.W.2d 14, 18 [4]; Hill-Behan Lumber Co. v. Sellers, Mo.App., 149 S.W.2d 465, 466–467 [1]. The petition in the Buchanan suit was filed on March 26, 1963, and that date must be deemed to be the commencement of the action. Since Mrs. Simpson's claim was not the subject of a pending action at that time, it is within the purview of the Compulsory Counterclaim Rule 55.45(a).

■ Under the rule, Mrs. Simpson is to plead her claim and have it adjudicated as a counterclaim in the Buchanan suit under the penalty of waiving it or being estopped to assert it elsewhere if she fails to do so. State ex rel. Fawkes v. Bland, 357 Mo. 634, 210 S.W.2d 31, 36–37[11]; Brinkmann v. Common School Dist. No. 27, Mo. App., 238 S.W.2d 1, affirmed, Mo., 255 S.W. 2d 770; Williams v. Kaestner, Mo.App., 332 S.W.2d 21, 31 [13]; State ex rel. Mack v. Scott, 241 Mo.App. 674, 235 S.W.2d 106, 111 [9]; Federal Practice and Procedure, Rules Edition, Barron and Holtzoff, Vol. 1A, § 394.1, p. 584.

■ By virtue of Civil Rule 55.45(a), jurisdiction of Mrs. Simpson's claim is vested in the circuit court in Kansas City in which the Buchanan action is pending, and the respondent has no power or authority to proceed with Mrs. Simpson's separate action while the action first begun is pending. A writ of prohibition is the proper remedy to prevent encroachment or interference by

**532**

a court of co-ordinate jurisdiction with the power and authority vested in another. State ex rel. Ellis v. Creech, 364 Mo. 92, 259 S.W.2d 372, 375 [6]; State ex rel. Siegel v. Strother, 365 Mo. 861, 289 S.W.2d 73, 79 [11]; State ex rel. Mack v. Scott, 241 Mo.App. 674, 235 S.W.2d 106, 110 [5–7].

The provisional rule in prohibition is made permanent.

All concur.

HENLEY, J., not sitting.