STATE of Missouri at the relation of Glen T. DAVIS, a Minor, by Glen F. Davis, his Father and Next Friend, Relator,

v.

Honorable Herbert K. MOSS, Judge of the Circuit Court of Jefferson County, Missouri, Respondent.

No. 51154.

Supreme Court of Missouri,

En Banc.

July 12, 1965.

Samuel Richeson, Dearing, Richeson, Weier & Roberts, Hillsboro, for relator.

Lawrence N. Weenick, Shepherd & Weenick, Clayton, for respondent.

FINCH, Judge.

This is an original proceeding in prohibition to prevent the Circuit Judge of Jefferson County, Missouri, from entertaining jurisdiction in, and from proceeding further with, a personal injury action between John R. Kauffmann, plaintiff, and Glen T. Davis, defendant. The basis asserted is that under Civil Rule 55.45(a), V.A.M.R., Kauffmann's cause of action is a compulsory counterclaim in a prior suit filed by Davis against Kauffmann seeking damages alleged to arise out of the same automobile collision.

The petition for prohibition and the return thereto establish the following facts:

August 9, 1963—An automobile collision occurred in Jefferson County between relator, Glen T. Davis, and John R. Kauffmann, both residents of Jefferson County.

August 29, 1963—Davis filed suit against Kauffmann in the Circuit Court of Jefferson County for damages arising out of the August 9, 1963, collision.

September 4, 1963—Kauffmann filed suit against Davis in the Circuit Court of Jefferson County for damages arising out of the August 9, 1963, collision.

September 6, 1963—Service of process was obtained on Davis in the suit brought by Kauffmann.

September 23, 1963—Service of process was obtained on Kauffmann in the suit brought by Davis.

October 2, 1963—Davis filed motion to dismiss the Kauffmann suit on account of the pendency of the prior Davis suit between the same parties involving the same subject matter. This motion was overruled by Judge Eversole, the then Judge of the Circuit Court of Jefferson County, after which Davis filed answer and counterclaim in the Kauffmann suit. Subsequently, following the decision of this

court in State ex rel. Buchanan v. Jensen, Mo., 379 S.W.2d 529, Davis sought and was granted leave by the Circuit Court to withdraw his answer and counterclaim in the Kauffmann suit. This was done and Davis then refiled his motion to dismiss the Kauffmann suit. The motion again was overruled by Judge Eversole, following which application was made to this court for prohibition. Judge Moss was substituted for Judge Eversole as respondent when he became Circuit Judge of Jefferson County.

■ The sole issue herein is whether, under Civil Rule 55.45(a), V.A.M.R., the claim asserted by Kauffmann in the suit filed September 4, 1963, is a compulsory counterclaim in the suit instituted on August 29, 1963, by Davis against Kauffmann. If it is, respondent has no power or authority to proceed further with the Kauffmann suit, and prohibition is the appropriate remedy under the circumstances. State ex rel. Buchanan v. Jensen, supra.

Civil Rule 55.45(a), V.A.M.R., provides as follows:

"(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of filing such pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

In State ex rel. Buchanan v. Jensen, supra, this court considered Rule 55.45(a) and its application in a somewhat similar situation. There an automobile collision had occurred in Jackson County, Missouri, between two residents of that county. One Buchanan filed suit on March 26, 1963, against Simpson in the Circuit Court of

Jackson County. On April 5, 1963, Simpson filed a separate suit against Buchanan, also in the Circuit Court of Jackson County. One was in Kansas City and one in the division at Independence, but this was of no consequence. Service was had on Simpson in the Buchanan case on April 23, 1963, and on Buchanan in the Simpson case on April 30, 1963. Buchanan filed a motion to dismiss the Simpson case by reason of the pendency of the prior Buchanan case. The motion was overruled by the Circuit Judge and Buchanan then sought prohibition in this court. Our provisional rule in prohibition was made permanent, based on Rule 55.45(a), this court saying, 1. c. 531: "A party can no longer avoid the impact of the compulsory counterclaim rule by bringing an independent action in another court after the commencement of the original action but before such party files his responsive pleading. This is the clear intent of the amendment and is consistent with the general purpose of the rule which is to avoid a multiplicity of suits and to dispose of litigation more expeditiously and properly."

Respondent would differentiate the instant case from the Buchanan decision. He points out that in Buchanan the first service of process obtained was in the first case filed, namely, the Buchanan suit, whereas, in the instant case, the first service of process was in the second suit filed, namely, Kauffmann v. Davis. Consequently, says respondent, the first complete jurisdiction obtained by the Circuit Court of Jefferson County was in the suit filed by Kauffmann. Respondent concedes that an action is commenced by the filing of a petition and by suing out of process (Civil Rule 53.01, V.A.M.R.), but contends this conferred only jurisdiction over the subject matter, and that complete jurisdiction existed only after jurisdiction over the person was obtained by service of process, waiver or entry of appearance. Respondent relies on the case of Nicholson v. McLaughlin, Mo.App., 170 S.W.2d 705, as establishing the proposition that complete

jurisdiction having first been obtained in the Kauffmann case, the Circuit Court of Jefferson County had jurisdiction to proceed with the Kauffmann case, and the court should not be prohibited from proceeding therein. He argues that a party is not an "opposing party" within Rule 55.45(a) until served with process, and until such time he is only a prospective opposing party. On that basis, and on the basis that complete jurisdiction, rather than commencement of the action, should be determinative, respondent contends that he should be permitted to proceed with this suit and that Rule 55.45(a), properly construed, does not provide otherwise. At the same time he recognizes that Davis would not be required to counterclaim in the Kauffmann suit since the Davis claim was the subject of a pending action at the time Kauffmann filed his suit, and thus falls within the exception stated at the end of Rule 55.45(a). The net result of respondent's contentions would be that under facts such as exist here, each party to the collision could proceed with his separate suit for damages, and Rule 55.45(a) would be inapplicable.

■ We cannot agree with respondent's position. An analysis of the language of Rule 55.45(a) will demonstrate why. The rule contains two conditions precedent. One is that both claims must arise out of the same transaction or occurrence. That condition is met here because the claims of Davis and Kauffmann arise out of the collision of August 9, 1963. The second condition precedent is that the determination of the prospective counterclaim does not require the presence of third parties of whom the court cannot acquire jurisdiction. There is no requirement of any third party to the determination of the controversy between Davis and Kauffmann, and hence the second condition precedent is met under the facts of this case. Eliminating the language in the rule relating to the two conditions precedent, the rule would read as follows: "A pleading shall state as a counterclaim any claim which at the

time of filing such pleading the pleader has against any opposing party * * * except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

Under the facts here involved, Kauffmann did not have pending a suit against Davis at the time Davis filed his suit on August 29, 1963, and therefore the exception stated at the end of Rule 55.45(a) is not applicable to Kauffmann and does not concern us in determining whether Kauffmann must counterclaim in the Davis suit. Paraphrasing slightly the remaining part of the rule, and applying it specifically to this case, it would state: "Kauffmann's pleading shall state as a counterclaim any claim which at the time of filing such pleading the pleader, Kauffmann, has against Davis, the opposing party." Kauffmann was served with process in the Davis suit on September 23, 1963. Thirty days thereafter he would be obliged to plead. At that time he had a claim against Davis arising out of the same automobile accident which served as the basis of the Davis suit, and Kauffmann's claim was not the subject of a pending action *at the time the Davis action was commenced.* He had a suit filed *after* the Davis suit was filed, but the exception in the Rule does not apply to a pending action unless pending *before* the Davis suit was filed. Therefore, Rule 55.45(a) did require that Kauffmann assert as a counterclaim his claim for damages against Davis arising out of the August 9, 1963, collision, under penalty of waiving it or being estopped to assert it elsewhere if he failed to do so. State ex rel. Buchanan v. Jensen, supra.

Prior to the amendment of Rule 55.45, effective May 1, 1962, the rule started with the words, "A pleading shall state as a counterclaim any claim, not the subject of a pending action." The 1962 amendment eliminated the words "not the subject of a pending action" and added an exception at the end of subsection (a). As pointed out in State ex rel. Buchanan v. Jensen, supra,

this amendment brought the rule into harmony with Federal Rule of Civil Procedure 13(a), which previously had been amended similarly to avoid an ambiguity that existed. With reference to the amendment to the Federal Rule, the Advisory Committee in a note under Rule 13(a), 28 U.S.C.A., Rules 12 to 16, page 342, stated: "The removal of the phrase 'not the subject of a pending action' and the addition of the new clause at the end of the subdivision is designed to eliminate the ambiguity noted in Prudential Insurance Co. of America v. Saxe, 1943, 77 U.S.App.D.C. 144, 33–34, 134 F.2d 16, certiorari denied 319 U.S. 745, 63 S.Ct. 1033, 87 L.Ed. 1701. The rewording of the subdivision in this respect insures against an undesirable possibility presented under the original rule whereby a party having a claim which would be the subject of a compulsory counterclaim could avoid stating it as such by bringing an independent action in another court after the commencement of the federal action but before serving his pleading in the federal action."

The position asserted by respondent herein does violence to the language of Rule 55.45(a) as it now exists and would make it possible to nullify the provisions of that rule. All a defendant in the first suit would be required to do in order to avoid the compulsory counterclaim rule therein would be to hurry and file his own suit and then hide out or persuade the officer to serve process in his suit first, and Rule 55.45(a) would be inapplicable. The explanatory note following the Federal Rule discloses that the words "not the subject of a pending action" were eliminated and the exception at the end was added in order to prevent a defendant from doing what Kauffmann has sought to do here. Whether the second suit is filed before or after service of defendant in the first suit filed and whether service is obtained earlier in the first or second suit is immaterial. Likewise, the fact that the suit by Kauffmann was in the same court rather than a separate court, as referred to in the ex-

planatory note to the Federal Rule, is of no significance.

What we have said herein is not inconsistent with the case of State ex rel. Nicholson v. McLaughlin, Mo.App., 170 S.W.2d 705, the case cited and relied upon by respondent. That was a divorce action in which the subject matter of the suit was the marital relationship. The Court of Appeals held in that situation that the Circuit Court of the City of St. Louis, the court in which service first was obtained, even though it was not the first suit filed, could dispose of the entire matter and do complete justice. Accordingly, it was held to have exclusive jurisdiction to proceed with and dispose of the matter. However, in the Nicholson case and in the other cases which announce the rule that where two actions on the same subject are brought between the same parties to test the same rights in different courts having concurrent jurisdiction, the one first acquiring complete jurisdiction (which includes service of process) retains exclusive jurisdiction to dispose of the entire matter, it is a prerequisite that said court have the power to settle the entire controversy. Thus, in the McLaughlin case, the court stated, 1. c. 707: "The rule is stated in 21 C.J.S. Courts § 492, p. 745, as follows: 'Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests on comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results.'"

In the McLaughlin case the Circuit Court of the City of St. Louis could determine the entire marital controversy and

settle all rights of all the parties. On the contrary, the Circuit Court of Jefferson County, in the suit brought by Kauffmann against Davis, cannot settle all the rights of all the parties arising out of the automobile collision unless Davis elects voluntarily to answer and counterclaim. This he declines to do, and under Rule 55.45(a) he is not required to do so because his suit was filed first and was pending when Kauffmann filed his suit. The exception stated at the end of Rule 55.45(a) expressly excludes Davis, under these circumstances, from being required to counterclaim in the suit brought by Kauffmann. The application of the express provisions of Rule 55.-45(a) prevents disposition of all claims arising out of the automobile collision in the Kauffmann suit. Thus, one of the fundamental conditions laid down in the McLaughlin and similar cases is not here present. On the other hand, the enforcement of the plain provisions of Rule 55.45(a) results in a complete determination of the claims of both parties and the administration of complete justice in the first suit which was brought by Davis against Kauffmann. Rule 55.45(a) was adopted to avoid multiplicity of suits and to dispose of litigation more expeditiously and properly. The rule is nullified unless, under the facts in this case, we prohibit the Circuit Court of Jefferson County from proceeding in the Kauffmann suit. We hold that under the facts of this case, Rule 55.45(a) takes precedence over the rule that the court in which complete jurisdiction first is obtained retains exclusive jurisdiction.

Respondent poses the question as to what the situation would be if plaintiff in the first suit withheld issuance of process or was unable to obtain service. That situation is not presented under the facts of this case, and we will reserve that question for decision if and when it arises.

■ Respondent's brief makes no contention that relator, by filing answer and counterclaim in the Kauffmann suit after his motion originally was overruled, waived

any right to raise the question again and now proceed by prohibition. This question arose on oral argument and counsel for respondent stated that he had found no authorities to support such a position and therefore had not briefed the question. If, therefore, there was any question about this procedure, and we do not mean to imply that there was, it has been waived by respondent.

The provisional rule in prohibition is made permanent.

All concur, and STONE, Special J., concurs.°