**STATE of Missouri ex rel. WILSON FREIGHT COMPANY and Donald Wainscott, Relators,**

v.

**Honorable William A. GEARY, Circuit Court Judge of the City of St. Louis, State of Missouri, Respondent.**

No. 36628.

Missouri Court of Appeals, St. Louis District, Division Three.

Jan. 13, 1976.

---

Strubinger, Dowd, Haseltine & Wilbers, William B. Haller, Leo V. Garvin, Jr., St. Louis, for relators.

James F. Koester, James J. Logan, St. Louis, for respondent.

McMILLIAN, Judge.

This is an original proceeding in prohibition to prevent the respondent judge of the City of St. Louis, Missouri, from taking, entering, or exercising jurisdiction in a personal injury action between Thomas John Lauria, plaintiff, and Wilson Freight Company [Wilson Freight] and Donald R. Wainscott, the relators herein, defendants. The question for decision is whether Lauria's cause of action is a compulsory counterclaim within the meaning of Civil Rule 55.-32(a), V.A.M.R. (adopted January 19, 1973, effective September 1, 1973), which can only be asserted in Lauria's pleading as the sole defendant in an action commenced by Wilson Freight in Calloway County prior to the time Lauria filed his suit in St. Louis City. We hold that Lauria's cause of action filed in St. Louis City is a compulsory counterclaim in the prior suit filed by Wilson Freight against Lauria, seeking damages alleged to have arisen out of the same automobile accident. Accordingly, we make our provisional rule in prohibition permanent.

Civil Rule 55.32(a) is substantially the same as Rule 13 of Federal Rules of Civil Procedure and supersedes prior Rules 55.45, 55.46, 55.47, 55.48, 55.49, 55.50 and 55.51. Paragraph (a) is substantially the same as prior Rule 55.45(a) with the addition of paragraph (2). The material part of the amended rule, 55.32(a), reads as follows:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action . . . .."

The chronology of relevant events is as follows:

*22 July 1974*—A collision occurred in Calloway County between a vehicle owned by Wilson Freight and operated by Donald Wainscott and a motorcycle owned and operated by Thomas John Lauria.

*20 August 1974*—Wilson Freight filed suit for damages against Thomas John Lauria in the Circuit Court of Calloway County, Missouri.

*26 August 1974*—Service was obtained upon defendant Lauria in the suit brought by Wilson Freight.

*6 September 1974*—Lauria filed a separate and independent action for damages against Wilson Freight and Donald Wainscott in the Circuit Court of St. Louis City.

*13 September 1974*—Wilson Freight was served with process in the suit brought by Lauria.

*19 September 1974*—Service was obtained upon Donald Wainscott.

*11 October 1974*—Defendants Wilson Freight and Wainscott filed a motion to dismiss the suit filed by Lauria in the City of St. Louis, which respondent denied.

*7 November 1974*—Relators filed their petition for prohibition in this court pursuant to which we issued our provisional rule in prohibition.

There is no denial that the claims in question arise out of the same transaction or occurrence. The sole issue is whether under Civil Rule 55.32(a), V.A.M.R., the claim asserted by Lauria in the suit filed 6 September 1974 is a compulsory counterclaim in the suit filed by Wilson Freight on

20 August 1974. If it is, respondent has no power or authority to proceed further with the Lauria suit, and prohibition is the appropriate remedy under the circumstances.

In *State ex rel. Buchanan v. Jensen*, 379 S.W.2d 529 (Mo.Banc 1964) the court considered a situation where an automobile collision occurred between two residents of Jackson County. Buchanan filed suit in Jackson County at Kansas City; thereafter Simpson filed suit against Buchanan also in Jackson County but in the Independence Division. Simpson obtained service in her suit prior to service of process in the Buchanan suit. Buchanan, after his motion to dismiss was denied, sought a writ of prohibition. In making the provisional rule in prohibition permanent based on then Rule 55.45(a) (now 55.32(a) ), V.A.M.R., the court said:

"... A party can no longer avoid the impact of the compulsory counterclaim rule by bringing an independent action in another court after the commencement of the original action but before such party files his responsive pleading. This is the clear intent of the amendment and is consistent with the general purpose of the rule which is to avoid a multiplicity of suits and to dispose of litigation more expeditiously and properly."

See also *State ex rel. Davis v. Moss*, 392 S.W.2d 260 (Mo.Banc 1965) for a somewhat similar situation.

Here we have a situation wherein Wilson Freight not only filed suit first but also obtained service first upon defendant Lauria. Consequently, respondent herein cannot ever avail himself of the discarded argument urged in *Moss* that Lauria was not an "opposing party" because Lauria's suit was filed before his responsive pleadings were due in the Wilson Freight suit. Clearly Lauria was an "opposing party" in the Wilson Freight suit.

Civil Rule 55.32(a) as it now stands provides that the claim of the pleader must be stated as a counterclaim if it arose out of the same transaction or occurrence and jurisdiction of the required parties can be obtained, unless the pleader's claim was the subject of another pending action at the time the action was commenced. Wilson Freight's suit commenced 20 August 1974 upon the filing of its petition. *Tice v. Milner*, 308 S.W.2d 697, 701[6] (Mo.1957). Lauria's claim against Wilson Freight arose out of the same transaction; that is, the issues of fact and law raised by the claim and counterclaim are the same. Jurisdiction of the Circuit Court of Calloway County over defendant Wainscott, Wilson Freight's driver, can readily be obtained, or at least it is not affirmatively demonstrated that the court cannot get jurisdiction over defendant Wainscott. *Rape v. Mid-Continent Building Company*, 318 S.W.2d 519[2] (Mo.App.1958). And Lauria's claim was not the subject of a pending action at the time Wilson Freight's petition was filed. Thus, his claim was within the purview of the compulsory counterclaim Rule 55.32(a).

We reject as without merit respondent's argument that the situation herein should be interpreted in light of Civil Rule 41.03, V.A.M.R. In *Barclay Investment Corp. v. Lamkin*, 408 S.W.2d 168 (Mo.App.1966), we held the language of the compulsory counterclaim, Rule 55.45(a), now 55.32(a), to be mandatory.

Accordingly, we rule that the jurisdiction of defendant Thomas John Lauria's claim is vested in the Circuit Court of Calloway County in which the Wilson Freight action is pending, and the respondent judge has no power or authority to proceed in the St. Louis City Circuit Court with Lauria's separate action while the action first began is pending. A writ of prohibition is the proper remedy to prevent encroachment or interference by a court of coordinate jurisdiction with the power and authority vested in another. *State ex rel. Ellis v. Creech*, 364 Mo. 92, 259 S.W.2d 372, 375[6].

Our provisional rule in prohibition is made permanent.

SIMEONE, P. J., and GUNN, J., concur.