[1] This is an action on a promissory note upon which there was an unpaid balance of $125. From a directed verdict for plaintiff, defendant has appealed.
[2] Plaintiff's petition alleged that on the 26th day of January, 1948, the defendant executed and delivered to him his promissory note for $1250 as purchase price of a one-half interest in the stock of a liquor store, which they owned in partnership. Payments had been made on the note until there was a balance due on the principal of $125, for which demand had been made and payment refused.
[3] Defendant filed an answer and what he termed a counterclaim. In the answer he admitted that he made and executed the note and that he had paid all of the note as stated therein except the sum of $125 and interest thereon of $4.50. In his counterclaim, he alleged that on the 1st day of August, 1947, when the liquor store partnership was formed, plaintiff agreed to pay $25 per month as rent on the building in which the liquor store was operated; that he did not pay that amount for six months, making a total due of $125, the amount left unpaid on the note. That he had demanded payment and credit on the note for that amount but plaintiff had refused. He therefore prayed for judgment for $125 with interest on his counterclaim.
[4] At the same time defendant filed his answer and counterclaim, he tendered into court the interest on the $125 balance and ten percent for attorney's fees provided for in the note. The case went to trial and there was no dispute as to the amount of the note, the amount of the payments and the amount still due, but defendant testified that the building that plaintiff had agreed to pay rent on was owned by a partnership consisting of defendant and his partner, one Wiley Williams. Therefore, defendant was seeking in his counterclaim to offset an indebtedness due him and Williams, as partners, against his individual indebtedness.
[5] The court dismissed plaintiff's counterclaim and instructed the jury to find a verdict for the plaintiff for $125 with interest and ten percent attorney's fees, the jury did as instructed and judgment was rendered accordingly. The judgment of the court was correct. A partner cannot offset an indebtedness to the partnership against an indebtedness of the individual partner. Esty v. Walker, Mo.App., 3 S.W.2d 744; Myers v. Cantley, *Page 953 
Mo.App., 18 S.W.2d 112; Lamb v. Brolaski, 38 Mo. 51; Weil v. Jones, 70 Mo. 560; State ex rel. v. Allen, 124 Mo.App. 465, 103 S.W. 1090; Finney v. Turner, 10 Mo. 207.
[6] The judgment of the trial court should be affirmed. It is so ordered.
[7] BLAIR and McDOWELL, JJ., concur.