**BARCLAY INVESTMENT CORPORATION, a Corporation, and Maplewood Finance Company, a Corporation, d/b/a The Barclay House, Plaintiffs-Appellants,**

v.

**Mr. Robert B. LAMKIN and Mrs. Robert B. Lamkin, Defendants-Respondents.**

No. 32259.

St. Louis Court of Appeals.

Missouri.

Oct. 18, 1966.

Green & Raymond, by James J. Raymond, St. Louis, for appellants.

Armstrong, Teasdale, Kramer & Vaughan, by Charles E. Dapron and Fred Leicht, Jr., St. Louis, for respondents.

CLEMENS, Commissioner.

Lamkin had already sued Barclay, his corporate landlord, when Barclay filed this separate suit against Lamkin and his

wife. The trial court dismissed Barclay's petition because Barclay had violated the compulsory counterclaim rule. Barclay has appealed. The down-to-brass-tacks issue is this: Can a defendant get away from the compulsory counterclaim rule by filing a separate suit against the plaintiff *and his wife?*

The present corporate plaintiffs jointly own and operate a high-rise apartment called Barclay House. (We refer to them in the singular as Barclay.) The present defendants, Mr. and Mrs. Robert B. Lamkin, lived in a $750-a-month apartment in Barclay House.

In 1963 Robert Lamkin signed a three-year lease for the apartment for his and his wife's residence. She did not sign the lease. After furnishing the apartment and moving in, Mr. Lamkin found that the heating and cooling systems didn't work. He says this and other defects made the apartment unlivable. Lamkin couldn't settle his differences with Barclay, so he sued Barclay in the circuit court of St. Louis County, asking for a declaratory judgment and other relief. He pleaded his lease, the continuing defects which made the apartment unlivable, water damage to his drapes and carpeting, his payment of part of the rent and his cancellation of the lease. He asked for a judicial declaration that Barclay had broken the lease, that he was freed from its terms, and that he had suffered actual and punitive damages. Mr. Lamkin filed his suit July 1, 1964. Then, on July 30, 1964, Barclay filed the present separate suit against both Mr. and Mrs. Lamkin.

By Count I of Barclay's petition it seeks to recover $4,500 from Mr. Lamkin for unpaid rent and attorney fees under his lease. Count II is aimed only at Mrs. Lamkin. Barclay says the leased apartment was her necessary place of abode and it relies on §§ 451.250 and 451.260, V.A.M.S., which provide generally that a wife's separate property may be levied on for payment of a husband's debts when those debts were incurred for her necessities. Count II is derivative: Barclay prays that if it recovers against Mr. Lamkin, execution be issued against Mrs. Lamkin's separate property.

The Lamkins moved to dismiss Barclay's petition, contending that the prior declaratory judgment suit filed by Mr. Lamkin is the proper forum for adjudicating the claims Barclay is now asserting against both Mr. and Mrs. Lamkin. The Lamkins point to Civil Rule 55.45(a), V.A.M.R., the compulsory counterclaim rule, and Civil Rule 55.50, V.A.M.R., which provides for bringing in an additional party to a counterclaim. As said, the trial court dismissed Barclay's second amended petition for its failure to comply with the compulsory counterclaim rule. Barclay has appealed, contending that there was "a lack of mutuality or identity of parties in the two actions" and that it cannot be forced to counterclaim against both Mr. and Mrs. Lamkin in the prior action brought against Barclay by Mr. Lamkin alone. That is the issue on this appeal.

■ Civil Rules 55.45(a) and 55.50, V.A.M.R., decide the issue. The first declares:

"(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of filing such pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require the presence of third parties of whom the court cannot acquire jurisdiction * * *."

Admittedly, both claims arise out of the same transaction—the lease. The rule, however, does limit Barclay's obligation to file a counterclaim to those occasions where the court can acquire jurisdiction over the third party, Mrs. Lamkin. Civil Rule 55.50 says:

*"Court Shall Order Parties Made Defendants When Required for Granting of Complete Relief.* When the presence of parties other than those to the original

action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules if jurisdiction of them can be obtained."

Barclay does not challenge the court's ability to obtain jurisdiction over Mrs. Lamkin in the first suit. Indeed, the court has done so in this second suit where Barclay has made her a co-defendant. (Compare the case of Rape v. Mid-Continent Building Co., Mo.App., 318 S.W.2d 519[2], which holds in effect that the court's inability to get jurisdiction over a third party must appear affirmatively.)

Barclay concedes that its claim against Mr. Lamkin, standing alone, comes within the compulsory counterclaim rule. It also concedes that it *could* bring in Mrs. Lamkin as an additional party to a counterclaim, but Barclay insists that it may not be *compelled* to do this. We disagree. This, because of the purpose of the counterclaim rule, its language, and its application in other cases.

■ In the Rape case, supra, at headnote [3] the Kansas City Court of Appeals, by Judge Cave, said:

"The clear intent and purpose of this statute is to discourage separate litigations covering the same subject matter, and to require their adjudication in the same action, and it is a means of bringing all *logically related claims into a single litigation * * * [citing cases]."*

Rule 55.45(a) declares that a relevant counterclaim *shall* be filed. Rule 55.50 says the court *shall* order necessary, available parties brought in. The compulsory counterclaim rule would indeed be an ineffective instrument if a defendant were allowed to choose between having one lawsuit or two. The rule has been so applied in similar situations.

Williams v. Kaestner, Mo.App., 332 S.W. 2d 21, concerns a motorist who collided with a taxi. The taxi driver sued the

motorist for personal injuries and the defendant motorist did not counterclaim. Later, the owner of the taxi sued the motorist for property damage and the motorist then counterclaimed for his own damage. The taxi owner contended that the motorist should have asserted his counterclaim in the taxi driver's prior suit, in which the motorist could have brought in the taxi owner as an additional party to the counterclaim. The trial court dismissed the motorist's belated counterclaim and we affirmed. Even more like our case, in the Rape case, supra, a homeowner sued two material men for failure to comply with their contract to furnish shrubbery. The material men then filed a separate suit for a mechanic's lien against the homeowner and a mortgagee bank. The trial court dismissed the second suit for the material men's failure to comply with the counterclaim rule. The Kansas City Court of Appeals affirmed, holding that if the bank's presence was necessary for granting complete relief in the first suit the trial court should order it brought in under Civil Rule 55.50.

■ Considering the purpose of the compulsory counterclaim rules announced in the Rape case, considering the mandatory language of the rules, and considering how they were applied in the Williams and Rape cases, we rule that Barclay must seek its relief by counterclaiming in the original action brought by Mr. Lamkin, and may not do so in the present independent action.

In reaching this conclusion we have weighed Barclay's arguments. They are not persuasive. Barclay first argues that for a compulsory counterclaim situation to arise there must be a "mutuality and identity" of the parties and subject matter. It reaches this conclusion by roundabout reasoning. Barclay cites State ex rel. Buchanan v. Jensen, Mo., 379 S.W.2d 529, 1. c. 531, where the court held that a defendant must file a counterclaim "under the penalty of waiving it or being estopped to assert it elsewhere." Barclay seizes the single word

"estopped" and then cites Jackson v. Whitaker, Mo.App., 386 S.W.2d 657, 1. c. 658, which held that the defense of *estoppel by judgment* required an identity of persons and subject matter. The case is not in point.

Next, Barclay cites Sturdivant Bank v. Stoddard County, 332 Mo. 568, 58 S.W.2d 702, 704, which held in 1933 that a counterclaimant must show a mutuality and identity of the parties and subject matter. That opinion was written before the adoption of Section 73 of the 1943 Civil Code (now § 509.420, V.A.M.S., and Civil Rule 55.45(a), V.A.M.R.), by which counterclaims that had been permissive became compulsory. State ex rel. Mack v. Scott, 241 Mo.App. 674, 235 S.W.2d 106[8–10].

Last, Barclay cites Powell v. Downing, Mo.App., 225 S.W.2d 952, and Davison v. Farr, Mo.App., 273 S.W.2d 500, for the proposition that a counterclaim may not be asserted for or against two partners where only one partner is a party to the suit. Both cases went to trial without any attempt to bring in the other partner as a party. Neither case discussed the compulsory counterclaim rule nor the rule for bringing in additional parties to a counterclaim. Barclay's arguments do not sway us from the clear mandate of the compulsory counterclaim rule.

Other issues are raised in the briefs: whether there is a proper joinder of parties and subject matter in Barclay's petition (a point that the Lamkins have abandoned); whether the amount sought by Barclay is for necessities furnished Mrs. Lamkin; and whether Barclay must specify Mrs. Lamkin's separate property. Since the petition was properly dismissed, we will not rule these issues; they may be fully developed and ruled if Barclay presents a counterclaim and brings Mrs. Lamkin into the original action.

We hold that Barclay's present claims against Mr. and Mrs. Lamkin are the proper subjects of a counterclaim in Mr. Lamkin's original suit and cannot be brought by this separate action. The trial court correctly dismissed Barclay's petition, and the judgment is affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

WOLFE, P. J., ANDERSON and RUDDY, JJ., concur.