**Edward N. HARRIS, Appellant,**

v.

**Anthony NOLA and Elizabeth Nola, Respondents.**

**No. KCD 27580.**

Missouri Court of Appeals, Kansas City District.

May 3, 1976.

Motion for Rehearing and/or Transfer Denied June 1, 1976.

W. H. Bates, Daniel M. Dibble, Kansas City, for appellant.

William J. Hill, Kansas City, for respondents.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

This is a companion case to *Anthony Nola, et al. v. Merollis Chevrolet Kansas City, Inc., et al.,* KCD 26995, decided concurrently herewith. Since all of the complicated facts are comprehensively stated in that opinion, only so much of the circumstances will be repeated here as are necessary to bring the issues of this separate case into sharp focus.

On August 28, 1970, Merollis Chevrolet, Inc., filed suit No. 740073 against Anthony Nola and Elizabeth J. Nola on a $35,000 note signed by them. In response, Anthony Nola filed a third party petition naming Edward N. Harris as a third party defendant. On November 19, 1970, Harris filed a motion to dismiss the third party petition against him. That motion was not overruled until September 3, 1971. Thereupon, on September 16, 1971, Harris filed his answer.

After Harris had filed his motion to dismiss, but before he had filed the answer just mentioned, a promissory note from the Nolas to Harris became due on July 15, 1971. It was not until almost two years after that maturity date that Harris filed his petition in the present law suit on June 14, 1973. By that time the earlier filed litigation between these parties had been tried, and a judgment in the amount of $35,000 had been entered in favor of Anthony Nola. Both Nolas responded to Harris' new suit by filing a motion to dismiss on the ground that this suit on the note was the subject for mandatory counterclaim in the earlier litigation and that it had become barred by failure of Harris so to assert it. The trial court sustained the Nola motion, treating it as a motion for summary judgment. Harris appeals from that order and judgment. His sole point on appeal is that his present cause of action is not barred by the mandatory counterclaim rule.

This question is governed by Rule 55.32(a) which provides as follows:

"*Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. * * * "

In support of his contention that the present suit does not fall within those provisions, Harris sets forth two subpoints in his

Points Relied Upon, and in addition he argues a third subpoint in the Argument portion of his brief.

## I.

Harris argues first that he did not have this cause of action as a matured claim at the time he filed and served his "first pleading" in case No. 740073, that therefore he could not have filed any kind of claim or counterclaim on the note at that time, and that he should not now be penalized for not doing so. This argument depends upon the validity of the following sub-arguments: 1) that Rule 55.32(a) applies only to claims existing at the time of the *first* responsive pleading; and 2) that Harris' motion to dismiss filed on November 19, 1970, was indeed a "pleading" within the meaning of the rule. The validity of the first of those sub-arguments is highly problematical, and Harris offers no authority to support it. However that question need not be pursued, since Harris' present argument clearly fails with respect to whether the motion to dismiss should be considered as a "pleading."

■ That the motion to dismiss should not be considered as a pleading for present purposes is sufficiently shown by Rule 55.-32(a) itself. The rule commences by saying that "[a] pleading shall state as a counterclaim * * *." Since a motion cannot include a counterclaim, a motion cannot qualify as a pleading within the meaning of the quoted phrase. The scope and permitted content of motions are set forth in Rule 55.27(a), consisting of twelve different defenses. None of those twelve different items covers the filing of a counterclaim by way of a motion.

Moreover, others of the Rules of Civil Procedure reflect a careful distinction between the use of the term "pleading" as opposed to the term "motion." Thus Rule 55.01 lists the different kinds of pleadings, and does not include any mention of motions. Rule 55.25(c) provides that the filing of any motion alters the time fixed by the rules for the filing of any required responsive pleadings. Rule 55.26(b) provides that matters of form applicable to pleadings

shall also apply to motions. Rule 55.27(a) provides that every defense shall be asserted in the responsive pleading except that certain defenses may at the option of the pleader be made by motion; and this rule further goes on that if the defense be by motion, then it shall be made within the time allowed "for responding" to the opposing party's pleading, and "[m]otions and pleadings may be filed simultaneously." Subsection (c) of Rule 55.27 deals with certain defenses "whether made in a pleading or by motion."

The foregoing provisions considered separately, but even more when taken in combination, show plainly beyond question that motions are treated as separate and different from the "pleadings." This analysis and conclusion was reached in *Lawhorn v. Atlantic Refining Company*, 299 F.2d 353, l.c. 356 (5 Cir. 1962), where it was held that the Federal Rules of Civil Procedure with respect to mandatory counterclaims did not require that a counterclaim be filed at the time of a motion to dismiss, and the failure to file a counterclaim then did not precipitate the coercive sanctions of the compulsory counterclaim rule . See also, *Savings Finance Corporation v. Blair*, 280 S.W.2d 675 (Mo.App.1955).

■ As a further contention that he did not have a matured claim on the note at the time of his "first pleading," Harris argues that even if his motion to dismiss in case No. 740073 cannot be considered as a pleading, nevertheless he had filed an answer even earlier (on June 20, 1970) in a connected case, No. 735744, involving all the same parties and in which Anthony Nola had also filed a third party petition against various defendants, including Harris. Harris argues that his third party answer in case No. 735744 should be given effect as an answer in case No. 740073, since he says that the third party petitions in both cases were identical and were later merged when those two cases were consolidated for trial.

That argument is incorrect factually. The two third party petitions were far from being identical. The one filed by Nola in case No. 735744 was on the ground that

Harris and others had induced Merollis Chevrolet Kansas City, Inc., to breach its contract of employment with Nola, for which Nola asked actual damages of $315,000 and punitive damages of $300,000; and on a second ground that Harris had breached a buy-out agreement between him and Nola, for which Nola asked actual damages of $315,000. On the other hand, Nola's third party petition in case No. 740073 was based upon an alleged conspiracy by Harris and others to oppress Nola economically, as part of which conspiracy they allegedly caused Nola to incur indebtedness including the $8,500 note here in suit and then created conditions making it impossible for Nola to meet those obligations; for which Nola asked actual damages of $35,000 and punitive damages of $150,000, to be additional to the damages prayed under the third party petition in the earlier numbered suit 735744.

Moreover, the two third party petitions were not merged when the two cases were consolidated for trial. The subject matter of the third party petition in case No. 735744 was included as Counts II and III of the amended petition in the consolidated case, while the subject matter of the third party petition in case No. 740073 became the subject of Count IV of that amended petition. Thus, the two third party petitions were at all times separately identifiable. An answer in the first was not and never became an answer to the second. The answer filed by Harris on September 16, 1972, in case No. 740073 was at a time when he had a fully matured claim on the $8,500 note, and he was obligated to file his counterclaim on that note at that time as part of that answer on penalty of being forever barred if he failed to do so.

## II.

■ Harris as his next major contention argues that his claim on the note does not come within the compulsory counterclaim rule because it did not arise out of the same transaction that was the subject matter of Nola's third party petition in case No. 740073. This requires an understanding of the very broad sense in which the term "transaction" is used in Rule 55.32. The Missouri Supreme Court has adopted the interpretation long held by the federal courts to the effect that the term "transaction" is one of broad and flexible meaning and is intended to include all the facts and circumstances constituting the foundation of a claim and shall be applied so as to bring all logically related claims into a single litigation. This conception is well and authoritatively stated in *Cantrell v. City of Caruthersville*, 359 Mo. 282, 221 S.W.2d 471, l.c. 474 (1949):

"The Section 73 [now Rule 55.32] is almost identical with Federal Rule 13(a). The objective of Section 73 'is to discourage separate litigations covering the same subject matter, and to require their adjudication in the same action.' *State ex rel. Fawkes v. Bland*, 357 Mo. 634, 210 S.W.2d 31, 37; Vol. 1, Carr, Missouri Civil Procedure, pp. 525–534. The compulsory counterclaim provision [Federal Rule 13(a)] is said to be a means of bringing all logically related claims into a single litigation, through the penalty of precluding the later assertion of omitted claims. *Lesnik v. Public Industrials Corporation*, 2 Cir., 144 F.2d 968; *American Mills Co. v. American Surety Co. of New York*, 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306 (counterclaim under former Federal Equity Rule 30). The word 'transaction' as used in the Federal Rule 13(a) is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediacy of their connection as upon their logical relationship. This liberal view is now well established. *Lesnik v. Public Industrials Corporation*, supra; *Moore v. New York Cotton Exchange*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370. The word 'claim' and the word 'transaction' are both of broad meaning. The word 'claim' does not refer to the form of the action but to the underlying facts combined with the law giving a party a right to a remedy of one form or another based on the claim. 'Transaction' is a word of still broader meaning. 'Transaction' should

be broadly construed to include all of the facts and circumstances which constitute the foundation of a claim, *Grue v. Hensley*, 357 Mo. 592, 210 S.W.2d 7, at page 10, 'all the facts and circumstances out of which the injury complained of  *  *  * arose.' *Ritchie v. Hayward*, 71 Mo. 560 at page 562."

See also for similar and more recent statements of the rule, *Rape v. Mid-Continent Bldg. Company*, 318 S.W.2d 519, 522–523 (Mo.App.1958) and *Williams v. Kaestner*, 332 S.W.2d 21 (Mo.App.1960).

■ Applying those principles here, the facts and circumstances which constitute the foundation of the claim on the $8,500 note are the same as or at a minimum arose out of those which constituted the foundation for Nola's third party petition in case No. 740073. The facts and circumstances relied on in that third party petition covered all the dealings pertaining to the financing, commencement and initial operation of Merollis Chevrolet Kansas City, Inc. That third party petition, in setting forth those financing arrangements, specifically referred to the $8,500 note executed by the Nolas to Harris. The petition also alleged that Harris and his confederates knew that Nola had only modest resources and that they conspired to prevent him "from being able to meet the substantial obligations which Merollis and Harris had helped Nola incur in the transaction" and that the acts of Harris and others were intended and calculated to financially bankrupt Nola.

Also to be considered on the question of whether there was a logical relationship between the $8,500 note and the matters set forth in the third party petition, is the fact that Nola's third party petition itself was in response to a suit by Merollis Chevrolet, Inc., on the Nola $35,000 note given as part of the arrangement to finance the new Merollis Chevrolet Kansas City, Inc. The $35,000 note was given as part and parcel of the very same arrangement and transaction

as the $8,500 note given to Harris and which is here in suit.

In sum, the claim by Harris on the $8,500 note is just one incident to the total facts and circumstances which constituted the foundation of Nola's claim by way of his third party petition against Harris; so Harris was bound to present this logically related aspect by way of counterclaim to Nola's third party petition in case No. 740073. See *G & M Tire Co. v. Dunlop Tire & Rubber Corp.*, 36 F.R.D. 440 (N.D.Miss.1964).

### III.

■ As a final argument, Harris contends that even if he is barred against Anthony Nola, the operation of Rule 55.32 should not bar his claim against Elizabeth J. Nola. It is questionable whether this has properly been raised for consideration on appeal, since this matter is not referred to at all in Harris' Points Relied Upon. Nevertheless, the argument will be answered.

True, Mrs. Nola was not an "opposing party" to Harris in case No. 740073, since she at no time ever pursued any affirmative claim against Harris or for that matter against any of the other parties in either case No. 735744 or No. 740073. She was a named party in that litigation only by reason of having been sued as a party defendant on the $35,000 note.

Nevertheless, Mrs. Nola could have been brought in as a party defendant to a counterclaim in case No. 740073. Even if she had never been a party to either of the prior lawsuits in any capacity, she could and should have been joined as an additional party under the express provisions of Rule 55.50, which was in effect until September 1, 1973.[1] Thus Harris could have and he was bound to join Mrs. Nola for the purpose of mandatory counterclaim in case No. 740073. This point was so ruled in *Barclay*

1. No implication is intended that the result would be different under new Rule 55.32(g) which became effective September 1, 1973, after completion of the trial in case No. 740073. The new rule says that the new party "may" be

added, in contrast to the wording of the former rule that the new party "shall" be added. However, the same result probably is required under 55.32(g) because of the incorporation by reference therein of Rule 52.04.

*Investment Corporation v. Lamkin*, 408 S.W.2d 168 (Mo.App.1966). See also the cases there cited.

Affirmed.

All concur.