Don R. SCHNEEBERGER,
Plaintiff-Appellant,

v.

HOETTE CONCRETE CONSTRUCTION
COMPANY, Defendant-Respondent.

No. 48339.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 2, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 30, 1984.

Carla Bollinger Evans, Clayton, for plaintiff-appellant.

Robert F. Summers, Clayton, for defendant-respondent.

KAROHL, Judge.

Plaintiff-appellant homeowner appeals from a summary judgment in favor of defendant concrete subcontractor in a breach of contract suit. The contract for the construction of plaintiff's home was between plaintiff and Tri Co, Inc., the general contractor.

Defendant was granted a summary judgment on two grounds. First, the court held that plaintiff's claim was barred by Rule 55.32(a) because it was not made as part of

a compulsory counterclaim in a prior suit brought by the general contractor against this plaintiff. Second, the court held that because the issue raised in this claim was decided in the prior suit plaintiff was collaterally estopped to assert the present claim. Respondent contends that because of a settlement and satisfaction of the judgment on the general contractor's claim and the homeowner's counterclaim in the first suit, plaintiff's present claim is barred.

We have been furnished with the pleadings and record in *Tri-Co, Inc. v. Don Schneeberger*, the first suit. There Tri-Co Inc. alleged it agreed to build Schneeberger's new residence under a contract dated January 10, 1978. Tri-Co sued for a balance due of $15,587.59 on the contract price. Schneeberger counterclaimed alleging that on the agreed completion date only the foundation (poured by respondent here) had been laid and that Tri-Co failed to "erect, build, finish and complete in a workmanlike manner" the residence. He further alleged, "[t]hat the portion of said residence which plaintiff [the general contractor] did construct was not built in a workmanlike manner with good and sound quality building materials." Tri-Co replied that they agreed to build the residence according to the architect's plans and that the delay in completion of the home resulted from the homeowner's lack of cooperation with subcontractors and his failure to perform certain terms of the contract. Tri-Co was granted judgment for its prayer plus interest and Schneeberger was granted judgment on its counterclaim for items not completed. After cross-appeals the judgments were satisfied by settlement and the appeals dismissed. Plaintiff then filed the present suit against Hoette Construction Company, a subcontractor in the construction of the residence, alleging unworkmanlike manner in the laying of the foundation of the house.

Plaintiff Schneeberger contracted with Tri-Co for the construction of the home.

Defendant Hoette was hired by Tri-Co to construct the foundation of the residence. Part of the Tri-Co petition in the first suit was to recover a balance due from plaintiff Schneeberger so as to make final payment to defendant Hoette and other subcontractors for work done under the subcontract. The Schneeberger counterclaim in the Tri-Co suit claims such work as was done was performed in an unworkmanlike manner.

Schneeberger's answer and counterclaim in the Tri-Co suit was general and broad enough to cover the concrete work done by Hoette. However, in answering an interrogatory about each and every item completed in an unworkmanlike manner, Schneeberger mentioned numerous items but made no specific complaint about the work of Hoette Concrete.[1] At the first trial Schneeberger testified about defects in Hoette's construction of the concrete turntable in the driveway but made no other attempt to allege unworkmanlike construction on Hoette's part. Even Schneeberger's unsuccessful attempt to broaden the scope of his interrogatory answers and include other areas of unworkmanlike construction did not include further references to work performed by Hoette Concrete.

Rule 55.32(a) with certain exceptions not relevant here, requires a party to assert any existing claim it may have, "against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Hoette Concrete was at all relevant times within the jurisdiction of the court. In fact Lawrence Hoette of Hoette Construction Company testified at the first trial as to the work Hoette performed and for which they were not paid.

Clearly the rule applies to all claims Schneeberger may have had against Tri-Co. Appellant Schneeberger claims the court

---

**1.** Included in the list of items not completed in a workmanlike manner was the driveway. Hoette Construction Company put in a concrete turntable at the end of an asphalt driveway. It is not clear to what driveway refers. At trial Mr. Schneeberger testified about problems with both the concrete turntable and the asphalt drive.

erred in applying the rule to claims against Hoette, a nonparty to the first suit. He relies on *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713 (Mo. banc 1979) and *Prentzler v. Schneider*, 411 S.W.2d 135 (Mo. banc 1966) for the proposition that the rule applies only to opposing parties and this excludes Hoette, a nonparty. To the contrary defendant contends that the Rule has a broader application, i.e.: that all "logically related" claims must be brought in one action, *Harris v. Nola*, 537 S.W.2d 636, 639, (Mo.App.1976); that the rule applies to the claims at issue here even though Hoette was not a party, *Harris v. Nola* at 640; and lack of mutuality or identity is not a defense to a counterclaim. *Barclay Investment Corp. v. Lamkin*, 408 S.W.2d 168, 170–171 (Mo.App.1966).

■ The issue is a matter of law. The basic facts are not in dispute. The question is whether the present claim survived the procedural bar of Rule 55.32(a) when it was not pled as a compulsory counterclaim in the Tri-Co suit. Summary judgments are authorized when there is no issue as to any material fact and the party requesting judgment is entitled to it as a matter of law. *Bishop v. United Missouri Bank of Carthage*, 647 S.W.2d 625, 626 (Mo.App. 1983). Failure to assert a mandatory counterclaim forever bars the claimant from having the claim heard. *Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811, 813 (Mo.App.1982).

Appellant's reliance on *Oates* and *Prentzler* is misplaced. In *Oates* the procedural bar of Rule 55.32(a) was held not to apply because the second action did not arise out of the same transaction or occurrence. *Oates*, 583 S.W.2d at 717. The first action was in tort for negligent operation of defendant-driver's automobile. Defendant was uninsured and plaintiff brought his second action as a suit in contract against his own uninsured motorist carrier. In *Prentzler* the plaintiff in the second action was not a party or in privity to a party in the first action and had no duty to plead. *Prentzler*, 411 S.W.2d at 137. Neither of these cases support appellant's position.

In the present case both suits deal with the construction contract and the party against whom the bar of Rule 55.32(a) is now asserted was the defendant in the first action with a duty to plead any counterclaims.

■ The absence in the first suit of the present defendant subcontractor Hoette is not a ground to release appellant from the bar of Rule 55.32(a). If defendant Hoette was a necessary party to the full adjudication of the issues in the Tri-Co suit, (whether the residence was constructed in a workmanlike manner) it was Schneeberger's duty to request that defendant Hoette be made a party. *See Harris v. Nola*, 537 S.W.2d 636, 640 (Mo.App. 1976); *Barclay Investment Corp. v. Lamkin*, 408 S.W.2d 168, 170 (Mo.App.1966). In fact, a compulsory counterclaim may arise without complete mutuality and identity of parties at the time it must be asserted. *Barclay Investment Corp. v. Lamkin*, 408 S.W.2d at 170–171. In sum, Rule 55.-32(a) is intended to discourage separate litigation covering the same subject matter and the trial court correctly applied the rule. The Schneeberger counterclaim in the first suit by Tri-Co should have specifically pled the allegations against Hoette as they arose out of the same transaction, the construction contract. The issues here litigated were before the court in the first trial although the evidence was excluded for the reason that the defendant there, plaintiff here, was foreclosed by answering the interrogatory without mentioning the concrete work.

■ Although the specific allegations against Hoette which should have been pled in the first case were not pled, the general issue of the workmanlike construction of the house was litigated. Schneeberger is barred from relitigating that issue in this case. The first suit litigated the issue of what sums Schneeberger owed Tri-Co. Tri-Co was attempting to recover these sums from appellant in part to pay off subcontractor Hoette. In the first suit Schneeberger counterclaimed and defended the failure to pay Tri-Co on the basis of unworkmanlike construction. At the first

trial Lawrence Hoette testified to the amount owed to Hoette Concrete Construction Company for work done on Schneeberger's residence. Mr. Schneeberger testified concerning his complaints about the turntable work done by Hoette. The issue of the workmanlike construction done by Hoette was litigated. Schneeberger maintains that the issue in the second suit is different because he complains of different construction errors (the foundation as opposed to the turntable) that were not specifically part of the evidence in the previous action. The issue was the same in both cases, (the workmanlike manner of construction) it was merely the evidence which differed. In such a case collateral estoppel bars a new determination of the issue. *See Griffith v. Hammer*, 595 S.W.2d 292, 295 (Mo.App.1979).

■ We need not address the issue of bar by satisfaction of judgment raised by defendant-respondent. We do, however, find merit in the argument. Satisfaction of the judgments resulting in the first suit occurred after the present suit was filed but before the summary judgment was granted. Had the summary judgment been in error as a matter of law and the cause remanded prior satisfaction would be a valid additional defense. On the one contract for construction of his home plaintiff Schneeberger was entitled to only one recovery. This is especially true in this case where Schneeberger did not have any direct contractual relationship with the subcontractor Hoette and attempted to base his claim against Hoette on the contract with Tri-Co.

We affirm the summary judgment.

PUDLOWSKI, P.J., and GAERTNER, J., concur.