James Corris PIERCE,
Petitioner-Respondent,

v.

Connie Sue PIERCE,
Respondent-Appellant.

No. 11981.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 3, 1981.

John J. Phillips, Independence, for petitioner-respondent.

John W. Dennis, Jr., James S. Cottingham, Kansas City, for respondent-appellant.

GREENE, Presiding Judge.

James Corris Pierce (husband) filed a petition in the circuit court of Polk County, Missouri, for dissolution of his marriage to Connie Sue Pierce (wife). The petition alleged that husband was a resident of Polk County and that wife was a resident of Jackson County. The petition requested a decree of dissolution and a division of the marital property.

In her answer, the wife requested that husband's petition be dismissed by reason of improper venue, claiming the husband was a resident of Greene County, Missouri. She also filed a cross-petition requesting a dissolution of the marriage, division of the marital property and attorney fees. The trial court heard evidence on the venue issue and found proper venue in Polk County, after which evidence was heard on the other issues. A judgment was then entered dissolving the marriage, dividing the marital

property, and awarding the wife $1,000 attorney fees. The wife appeals. We affirm.

On appeal, the wife contends that the trial court erred in 1) finding that Polk County was the proper venue, 2) the division of marital property as such division was grossly unfair and against the weight of the evidence, and 3) the awarding of $1,000 attorney fees to the wife because such was inadequate.

■■■ We review the judgment pursuant to Rule 73.01(c), V.A.M.R., as construed in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). There is substantial evidence in the record to support the judgment of the trial court. The husband testified that he, at the time he filed his petition, was a resident of Fair Play, Polk County, Missouri. He owned a home in Polk County, received his mail in Polk County, and voted in Polk County. The wife did not offer any substantial evidence to rebut husband's testimony. A party attacking venue has the burden of persuasion and proof, if proof is necessary. *Glick v. Ballentine Produce, Incorporated*, 396 S.W.2d 609, 612 (Mo.1965), appeal dismissed, 385 U.S. 5, 87 S.Ct. 44, 17 L.Ed.2d 5 (1966). The wife did not meet her burden on the venue question.

On the division of marital property issue, there was substantial evidence that when the parties were married, the husband owned an unencumbered tract of land in Polk County worth at least $165,000. The wife owned a house in Jackson County (the Evanston house) with a net value of $30,-000. These were the only items of any substantial net value brought into the marriage by either party. The parties only lived together five months during which time the husband mortgaged his Polk County land to the tune of $142,000 and spent the money on a new home for the parties in Jackson County (the Hedges property) with a purchase price of $86,500, furniture, fixtures and appliances for the home, and "living it up." During the separation of the parties and prior to trial, husband's mortgaged land was foreclosed and sold by the lending institution. The husband received $9,000 from the proceeds of the sale. The wife kept the Evanston property.

The trial court valued the Hedges home at $100,000 and awarded it to the husband, subject to a judgment lien against it in the sum of $11,849.60, which it ordered the husband to pay. He was also awarded a pool table (no value stated), a 1979 Lincoln automobile of no net value, the drapes in the Hedges home and his personal clothing and effects. The wife was awarded all of the household furnishings, furniture, appliances and personal items not awarded to the husband which, in the court's opinion, constituted the great bulk of the marital property, excluding the Hedges house. It also awarded the wife a 1978 Lincoln automobile of no net value and ordered her to repay her parents $15,950 that she had borrowed from them.

The evidence showed that the wife lived in the Hedges property for eighteen months during the separation of the parties prior to trial, and that the home could have been rented for approximately $850 a month during that time. The wife rented the Evanston property during that time and kept the rent proceeds.

■■■ The statute governing the division of marital property, § 452.330, V.A.M.S., does not require an equal division of marital property but only such division that is fair and equitable under the particular circumstances of the case. In the discharge of this task, the trial court is vested with considerable discretion. *In re Marriage of Strelow*, 581 S.W.2d 426, 429–430 (Mo.App.1979). We cannot say that the trial court abused its discretion by its division of the marital property in this case.

Boiled down, the evidence shows that the husband came into the marriage with net assets of at least $165,000. He received from the court a home valued at $100,000, minus debts he was ordered to pay of $21,-850, or a net award of $78,150. His loss of net assets during the marriage was at least $86,850, which amounts to at least $17,000 a month for a viable marriage of five months duration. On the other hand, the wife came into the marriage with a $30,000 home

and came out of the marriage with the same home plus all of the furniture and furnishings of the parties, with the exception of a pool table and the drapes in the Hedges house, plus living in a $100,000 home for at least eighteen months during the separation rent free. The trial court's division of the marital property was supported by the evidence and was not against the greater weight of the evidence.

As to the attorney fee award, the trial court has broad discretion. *Roberts v. Roberts*, 553 S.W.2d 305, 307 (Mo.App.1977). Based on the evidence, we find no abuse of discretion on the part of the trial judge in awarding the wife $1,000 as attorney fees.

The judgment of the trial court is affirmed.

All concur.