**Clifford F. FITZPATRICK, Plaintiff/Appellant,**

v.

**Juanita HOEHN and Nina Holloway, Defendants/Respondents.**

No. 53748.

Missouri Court of Appeals, Eastern District, Division One.

March 22, 1988.

Clifford F. Fitzpatrick, pro se.

Kemper R. Coffelt, Thomas B. Tobin, Clayton, William G. Reeves, Farmington, for defendants-respondents.

GARY M. GAERTNER, Presiding Judge.

Plaintiff-appellant Clifford Fitzpatrick appeals from trial court's order granting respondents' motions for summary judgment. On appeal appellant alleges that the trial court erred in (1) failing to appoint counsel for appellant; and (2) rejecting the affidavits offered by appellant in opposition to respondents' motions for summary judgment. We affirm.

Appellant is an incarcerated felon currently serving a sentence for an offense that is not part of the record. Appellant brought an action against his wife's sister Juanita Hoehn and Nina Holloway, the former operator of the health care facility at which appellant's wife resides. Appellant's petition alleged that Hoehn and Holloway (hereinafter respondents) acted together in alienating the affections of appellant's wife. The petition further alleged that respondent Hoehn failed to render adequate medical care to appellant's wife thereby causing appellant to suffer mental anguish and emotional distress.[1]

---

1. In the first two counts of his petition, appellant attempts to set forth alternative actions for alienation of affections. Count one alleges that respondents abused the process or failed to use proper process in causing appellant's wife to be placed in respondent Holloway's health care facility, and that respondents interfered with communications and prevented visits between

Respondents each filed separate motions for summary judgment with affidavits in support. Appellant filed a response supported by affidavits. The trial court disregarded the counter-affidavit of appellant's prison caseworker as it was not verified under oath. The court found that appellant's counter-affidavit failed to raise or preserve any genuine issue in that the affidavit was founded primarily on conclusions, hearsay and matters not within the personal knowledge of appellant. The court then sustained respondents' motions for summary judgment.

In his first point on appeal, appellant asserts that the trial court erred in failing to appoint counsel to represent him. Appellant filed his *pro se* petition and thereafter petitioned the court to appoint counsel. It is unclear from the record whether this motion was properly before the trial court in this action. The court docket sheet does not show that the motion was filed in this cause of action. It appears from the face of the motion that the motion may have been filed in a separate action brought by appellant which is currently pending. Appellant thereafter proceeded *pro se* with the assistance of "counsel substitute" Horace Bonner without requesting a ruling on the motion.

■ Initially we note that appellant concedes in brief that no rule or statute exists in this state which requires trial courts to appoint counsel to indigent civil litigants. Appellant nevertheless argues that the trial court abused its discretion in failing to appoint counsel considering the facts in this case. Generally, an indigent's right to appointed counsel only exists where the indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640 (1981). Further, "as a litigant's interest in personal liberty diminishes, so does his right to appointed counsel." *Id.* at 26, 101 S.Ct. at

2159. Although counsel would likely have been of great assistance to appellant in bringing this civil action, we find no authority to mandate reversal. *See also State ex rel. Scott v. Roper*, 688 S.W.2d 757 (Mo. banc 1985); *State ex rel. Shaw v. Provaznik*, 708 S.W.2d 337 (Mo.App., E.D. 1986). Appellant's first point is denied.

■ In his second point on appeal, appellant alleges that the trial court erred in rejecting two affidavits offered in opposition to respondents' motions for summary judgment. Appellant further argues that the affidavits raised a factual dispute thus precluding summary judgment. The trial court rejected appellant's affidavit because it was founded primarily on hearsay, conclusions, and matters not within the personal knowledge of appellant. "The proper function of an affidavit is to state facts not conclusions." *Bakewell v. Mo. State Employees' Retirement System*, 668 S.W.2d 224, 227 (Mo.App., W.D.1984). Hearsay statements contained in an affidavit are not facts that would be admissible in evidence and thus should not be considered by a trial court. *See Allen v. St. Luke's Hosp.*, 532 S.W.2d 505, 508 (Mo.App., W.D.1975), *cert. denied*, 429 U.S. 804, 97 S.Ct. 37, 50 L.Ed. 2d 65 (1976). Rule 74.04(e) requires that affidavits be made on personal knowledge. Most of the facts stated in appellant's affidavit were clearly not within appellant's personal knowledge as evidenced in paragraph nine of the affidavit:

9. That all friends, family, whom possess actual knowledge of the events described herein will voluntary [sic] truthfully testify under oath to the foregoing and other specific incidents of misconduct by defendant Juanita Hoehn.

A party cannot claim that he has evidence which will demonstrate that issues of fact exist in order to avoid summary judgment. *Crawford v. Boatman's Bank*, 637 S.W.2d 196, 198 (Mo.App., E.D.1982). The trial court correctly disregarded those portions

appellant and his wife. Count two incorporates the allegations of count one and further alleges that respondents falsely imprisoned appellant's wife at Holloway's health care facility. It is unclear whether appellant intended to set forth actions for abuse of process and false imprison-

ment in addition to actions for alienation of affections and failure to render adequate medical care. It appears from the petition that each of the four possible actions may have been subject to a motion to dismiss for failure to state a cause of action.

of appellant's affidavit which were not within the personal knowledge of appellant.

The trial court also rejected the affidavit of Mary Brundage, appellant's prison caseworker. Appellant offered a letter written by Ms. Brundage to "whom it concerns" which related the substance of a telephone conversation between Ms. Brundage and respondent Hoehn. In the letter Ms. Brundage stated that Hoehn would not disclose appellant's wife's whereabouts. The letter was signed and notarized, but the trial court rejected the "affidavit" because it was not verified under oath. The truth of the facts contained in an affidavit must be sworn to in order for the affidavit to be proper. *State ex rel. Nollmann v. Gunn,* 513 S.W.2d 710, 713 (Mo.App., E.D.1974). Thus the trial court properly refused to consider the affidavit. Even if the trial court had considered the affidavit, we fail to see how the fact raised in the letter would preclude summary judgment as a matter of law on any of appellant's pleadings. Point denied.

Finding appellant's arguments to be without merit, we affirm the judgment of the trial court.

REINHARD and CRIST, JJ., concur.