Joseph KENNEDY, Plaintiff–Appellant,

v.

EMPIRE GAS COMPANY, INC.,

and

Charles Brown, Defendants–Respondents.

No. 15519.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 8, 1988.

Ronald M. Sokol, St. Joseph, for plaintiff-appellant.

Joseph C. Benage, Hillix, Brewer, Hoffhaus, Whittaker & Horner, Kansas City, for defendant-respondent Empire Gas Co., Inc.

MAUS, Judge.

By his petition plaintiff Joseph Kennedy seeks to recover for property damage and personal injuries against Empire Gas Company, Inc., and its employee Charles Brown. Empire Gas Corporation filed a motion to dismiss or quash service for the reason it was not the named defendant. Brown filed a motion to dismiss for the reason the petition failed to state a cause of action. The trial court sustained both motions. Plaintiff appeals. The following is a brief outline of the relevant facts.

The petition was filed December 3, 1984. The defendants named in the caption and in the body of the petition were Empire Gas Company, Inc., and its employee Charles Brown. Count I alleged that "prior to December 4, 1979 Defendants, ... installed a gas heater, equipment and materials on the second floor of plaintiff's residence." Plaintiff further alleged the gas heater was negligently installed by defendants in the following four respects:

a) In installing said gas heater, equipment and materials with improper fittings or connections, not designed for use with said gas heater.

b) In knowing said gas heater was improperly installed and failing to warn Plaintiff of the danger of using as installed.

c) That Defendants and their agents and employees failed to install said gas heater, equipment and materials in substantial conformance with the published standards of the National Board of Fire Underwriters for the design, installation and construction of containers and pertinent equipment for the storage and handling of liquified petroleum gases as recommended by the National Fire Protection Association, as provided in Section 323.020 R.S.Mo.

d) That Defendants, their employees and agents improperly and negligently connected said gas heater by use of copper tubing attached to a tapered, threaded pipe.

It further alleged that as a result of such negligence his residence and personal property in the residence were destroyed. The prayer was for damages of $50,000.

Count II incorporated the allegations of Count I. It further alleged that as a result of the defendants' negligence the plaintiff suffered personal injuries. The prayer was for $25,000.

On December 3, 1984, summonses for the named defendants were issued to the Sheriff of Laclede County. Both summonses were returned "non est." The return concerning Brown recited his domicile was Camden County. The return concerning Empire Gas Company, Inc., recited "Agent claims no Empire Gas Co."

An alias summons for Brown was issued to the Sheriff of Camden County. He was served on December 16, 1984. Brown filed a motion to dismiss the action because the petition failed to state a cause of action against him.

On November 26, 1986, an alias summons for a corporate defendant was issued. The caption on the summons named Empire Gas Co., Inc., and Charles Brown as defendants. However, the defendant summoned was designated "Empiregas Corp. Formerly [sic] Empiregas Company, Inc." The return recites service was made by "delivering a copy of the summons and a copy of the petition to the defendant Empire Gas—Earl Noe."

Empire Gas Corporation filed a motion to dismiss the petition and to "quash the attempted service of process on it ... because of (i) lack of jurisdiction over the person, (ii) insufficiency of process, (iii) insufficiency of service of process, and (iv) failure to state a claim." That motion also alleged the following:

2. The alias summons that was delivered to Mr. Earl Noe, registered agent for Empire Gas Corporation, names the defendant as 'Empiregas, Corp. Formerley [sic] Empiregas Company, Inc.'

3. Empire Gas Corporation is not a named defendant in this action, and is not a successor in interest to any named defendant.

4. Earl L. Noe is not and has never been the registered agent or an officer or the person having charge of the business office of any named defendant.

5. Empire Gas Corporation is not aware of the present or former existence of any entity having the name of Empire Gas Company, Inc.

The motion was verified by the attached affidavit of Earl L. Noe. As stated, the order of the trial court was "that defendants' motions to dismiss are hereby sustained."

█ The plaintiff's basic point is that the trial court erred in sustaining the motions to dismiss. Inasmuch as the motions asserted different bases for dismissal, the motion of each defendant must be considered separately. As stated, Brown's motion asserted that the petition failed to state a cause of action. The basic rule governing the review of a dismissal for failure to state a cause of action has been recently repeated.

In reviewing the trial court's dismissal of appellant's petition for failure to state a claim upon which relief can be granted, the sole issue to be decided is, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to appellants, whether the averments invoke principles of substantive law entitling appellants to relief.... Thus, a pleading will not be adjudged insufficient if the allegations of the petition, accorded a reasonable and fair intendment, state a claim which can call for the invocation of principles of substantive law which may entitle the plaintiff to relief.

*Erslon v. Vee–Jay Cement Contracting Company, Inc.,* 728 S.W.2d 711, 712 (Mo. App.1987) (citations omitted). The petition is not a model and is subject to infirmities that could be raised by appropriate motions. However, an extended discussion is not necessary to reach the conclusion that

the petition is not insufficient when measured by the above stated test. Brown has not appeared on appeal to contend otherwise. Brown's motion to dismiss was erroneously sustained.

Empire Gas Corporation does contend the petition was properly dismissed. It bases that contention upon the proposition that, as stated in its motion, it is not named as a defendant and was not formerly Empire Gas Company, Inc., as recited in the return on the alias summons.

■ On the other hand, the plaintiff argues that not only was it error to dismiss the petition, but that service upon Empire Gas Corporation should not be quashed. The plaintiff first argues that in passing upon the motion to dismiss or to quash service the trial court should not have considered the facts stated in the motion or in an affidavit filed the day the motions were heard. He contends that such consideration is contrary to that portion of Rule 55.27 which reads as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.-04, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04.

Rule 55.27(a). He cites Rule 74.04(c) and *Ruzicka v. Universal Printing Co.,* 637 S.W.2d 834 (Mo.App.1982). He says he was not given the required notice and a reasonable opportunity to present such material. In making that argument, the plaintiff overlooks the fact that the quoted portion of Rule 55.27 is applicable only to a motion to dismiss for failure to state a claim upon which relief can be granted.

Rule 55.28 expressly provides: "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions." Speaking motions have long been recognized. *Senn v. Manchester Bank of St. Louis,* 583 S.W.2d 119 (Mo. banc 1979); *Vetter & Associates, Inc. v. Dimarco Corporation,* 733 S.W.2d 459 (Mo.App.1986). "Since the verified motion to dismiss was undenied, it constituted competent evidence as to the facts stated therein." *Kingsley v. Burack,* 536 S.W.2d 7, 9 (Mo. banc 1976).

However, Rule 44.01(d) in part provides:
> A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by law or court rule or by order of the court.... When a motion is supported by an affidavit, the affidavit shall be served with the motion; and, except as otherwise provided by law or rule in connection with a motion for a new trial, opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time.

It may be conceded that the affidavit filed by Empire Gas Corporation the day its motion was heard could not properly be considered. However, the motion of Empire Gas Corporation to dismiss or to quash, which was served many weeks in advance of the hearing, was verified by the affidavit of Earl L. Noe. That affidavit was uncontroverted and the motion constituted competent evidence as to the facts stated therein. Those facts established that Empire Gas Corporation was not a named defendant and was not formerly Empire Gas Company, Inc., or a successor thereto.

■ Nonetheless, the plaintiff argues that even if the allegations of the motion are considered, the motion to quash should not be sustained. He relies upon the following often repeated rule.

> The general rule is that, in actions at law and other judicial proceedings, the mere misnomer of a corporate defendant in words and syllables is immaterial, that is, provided there is no substantial mistake so as to indicate a different entity;

that a judgment in the action will bind such defendant, if it in reality is duly served with process, whether it appears or makes default; and that the misnomer should be held immaterial, if it appears that the corporation could not have been, or was not, misled thereby.

*Blades v. Cinder Block Co.*, 10 S.W.2d 319, 320 (Mo.App.1928). Also see *Aman Collection Service, Inc. v. Burgess*, 612 S.W. 2d 405 (Mo.App.1981); *Martin v. Signal Dodge, Inc.*, 444 S.W.2d 29 (Mo.App.1969); *Orona v. Consolidated Cab Company*, 373 S.W.2d 486 (Mo.App.1963). That rule is applicable to determine the effect of a misnomer when the issue of misnomer is raised after judgment. However, when a corporation not named in a petition is purportedly served with a summons it has two options.

One option is to ignore a summons in the hope that any default judgment subsequently rendered will be found to be void for want of jurisdiction over the person. This option is still available, see *Crouch v. Crouch*, 641 S.W.2d 86 (Mo. banc 1982), but admittedly risky. The second historical alternative was to enter a 'special appearance,' limited to the challenge of jurisdiction over the person.

*State ex rel. White v. Marsh*, 646 S.W.2d 357, 359 (Mo. banc 1983). The latter alternative is now provided for by Rule 55.27(g). A person or corporation purportedly summoned as a defendant, but not so named in the petition, has a right to interpose an objection. If there has been a misnomer, it may be corrected. *Orona v. Consolidated Cab Company, supra.* Whether or not an amendment changing the party against whom a claim is asserted will relate back is governed by Rule 55.33(c). See *Watson v. E.W. Bliss Co.*, 704 S.W.2d 667 (Mo. banc 1986); *Beatty v. Metropolitan St. Louis Sewer Dist.*, 700 S.W.2d 831 (Mo. banc 1985); *Hoey v. St. Luke's Episcopal Presbyterian*, 713 S.W.2d 636 (Mo.App.1986). The prayer of Empire Gas Corporation to quash service upon it should have been sustained.

However, the fact there is a basis for quashing service upon that corporation does not provide a basis for dismissing the petition. This is true even though it has been observed "[u]nder some authority, a motion to dismiss is the proper remedy for defects with respect to process." 72 C.J.S. Process § 96(b) (1987). However, it is generally held that the proper remedy for the irregularity raised by the motion of Empire Gas Corporation is to quash the service of process upon it. "Of course, insufficient service merits only a nullification and not the dismissal of the complaint." *Baraban v. Sussman*, 439 So.2d 1046, 1047 (Fla.App. 1983). "Defendant contends, however, the case is one of mistaken identity, not misnomer, and argues plaintiff's affidavit expressing her subjective intention is self-serving and cannot be considered controlling. Misnomer of a party is not a ground for dismissal of an action and the name of a party may be corrected upon motion and proper proof." *Ashley v. Hill*, 101 Ill.App. 3d 292, 56 Ill.Dec. 773, 427 N.E.2d 1319, 1320–1321 (1981). "We know of no law or precedent which justifies the dismissal of a cause for want of service of process and we feel that the dismissal of this case on that ground, under the unusual circumstances, to be unjustified and unwarranted." *Texas–Western Company v. Giesecke*, 342 S.W.2d 266, 272 (Mo.App.1961). Also see *Young v. Lucas Construction Company*, 454 S.W.2d 638 (Mo.App.1970). Under the circumstances of this case, the plaintiff's petition was improperly dismissed.

It is the duty of this court, unless justice requires otherwise, to dispose of the appeal and it may give such judgment as the trial court should have given. Rule 84.14. The order of the trial court sustaining the motions to dismiss the petition is reversed. It is ordered that the service of the alias summons upon Empire Gas Corporation is hereby quashed. The cause is remanded for further proceedings not inconsistent with this opinion.

FLANIGAN, P.J., and HOGAN and PREWITT, JJ., concur.