**CUBA'S UNITED READY MIX, INC.,**
Plaintiff–Appellant,

v.

**BOCK CONCRETE FOUNDATIONS, INC., and Ben Bock,**
Defendants–Respondents.

No. 16091.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 23, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 14, 1990.

Application to Transfer Denied
April 17, 1990.

Eugene B. Overhoff, Cuba, for plaintiff-appellant.

P. Dennis Barks, Berkemeyer & Barks, Hermann, for defendants-respondents.

PREWITT, Judge.

Plaintiff appeals from the trial court's order dismissing its petition. Plaintiff al-

leged that defendant Ben Bock, in his capacity as an "officer, director agent and employee of Defendant corporation, Bock Concrete Foundations, Inc., ... made the statement to many persons, other than the Plaintiff's officers and employees, ... that 'Cuba United Ready Mix, Inc. was delivering inferior material and that he would not be a part of the fraud'".

The petition also said that these statements were false and known to Defendant Ben Bock to be false and were made intentionally with intent to damage plaintiff's reputation and business and deprive it from selling its product. Plaintiff stated that as a result of these statements it lost sales of concrete to a McDonald's restaurant and a garage being built in Cuba, Missouri, and its payment was delayed on another project.

After service upon Ben Bock, individually and as an officer of the corporation, defendants filed a "Special Entry of Appearance and Motion to Dismiss". Seven grounds to dismiss were stated in the motion. Following a hearing on the motion and the parties' submission of briefs, the motion to dismiss was sustained as to each defendant. No reason for the dismissal was specified.

At the hearing on the motion defendants' counsel stated that he only wanted "to actually argue three" of the contentions in the motion, "improper venue, insufficiency of service of process and most importantly the failure to state a claim for relief." In their brief here defendants contend that the judgment of the trial court should be affirmed because the petition failed to state a claim upon which relief can be granted for slander and because of improper venue. Defendants' brief also states that "[t]he principal issue before the Court on this appeal is whether the statement attributed to Respondent Ben Bock may properly be characterized as opinion or fact."

■■ As the parties acknowledge, if the dismissal was because of improper venue it was not an appealable order as the proper method of attacking such order is by extraordinary writ. See *Gillman v. Mercantile Trust Co.*, 629 S.W.2d 441, 443 (Mo. App.1981). However, we conclude that improper venue was not the basis of the court's order.

The party attacking venue has the burden of persuasion and proof, if proof is necessary, that venue is improper. *Pierce v. Pierce*, 621 S.W.2d 530, 531 (Mo.App. 1981).

The testimony of Ben Bock was offered by defendant in support of its motion. Bock testified that he resided in Gasconade County and was president of defendant Bock Concrete Foundations, Inc. Its office and principal place of business was also in Gasconade County. He was served in Crawford County and defendant corporation did not "maintain a general place of business in Crawford County, Missouri."

This does not establish that venue was improper in Crawford County where the statements may have been made and where plaintiff apparently was located. Venue could be proper under § 508.010(1) or § 508.010(6), RSMo 1986. As the record does not show that venue was improper, we necessarily conclude that the court dismissed the petition for failure to state a claim on which relief can be granted.[1]

In reviewing such a dismissal this court assumes every fact pleaded in the petition as true and takes every favorable inference in favor of plaintiff which may reasonably be drawn from the facts pleaded. *Schutte v. Sitton*, 729 S.W.2d 208, 209 (Mo.App. 1987); *Greening v. Klamen*, 652 S.W.2d 730, 732 (Mo.App.1983). If the facts pleaded and the reasonable inferences to be drawn show any ground that would entitle plaintiff to relief, the petition should not have been dismissed. *Greening*, 652 S.W.2d at 732.

■ That plaintiff is a corporation does not prevent it from bringing an action for defamation. A corporation may maintain such an action. See *St. James Military*

---

1. Insufficiency of service of process, the remaining contention defendants actively raised before the trial court, is not ordinarily a basis for dismissal. See *Kennedy v. Empire Gas Co.*, 756 S.W.2d 945, 948 (Mo.App.1988).

*Academy v. Gaiser*, 125 Mo. 517, 28 S.W. 851, 852 (1894); *Cotton Lumber Co. v. La Crosse Lumber Co.*, 200 Mo.App. 7, 204 S.W. 957, 960 (1918); Restatement (Second) of Torts § 561; Annotation, Action by corporation for libel or slander, 86 A.L.R. 442 (1933); Annotation, Action by corporation for libel or slander, 52 A.L.R. 1199 (1928).

The claim that plaintiff appears to state is one "called by various names such as 'disparagement of property,' 'slander of goods,' 'commercial disparagement,' and 'trade libel' " and is now generally referred to as "injurious falsehood". Prosser and Keeton, The Law of Torts, § 128, pp. 963–964 (5th ed. 1984).

Missouri cases have recognized this tort as it is stated in Restatement (Second) of Torts, § 623A. See *Annbar Associates v. American Express Co.*, 565 S.W.2d 701, 706 (Mo.App.1978). See also *Zippay v. Kelleher*, 638 S.W.2d 292, 294 (Mo.App. 1981). The Restatement (Second) of Torts § 623A states:

> One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if
>
> (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and
>
> (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity.

"Disparagement of Quality—Trade Libel" is discussed in Restatement (Second) of Torts § 626, which states:

> The rules on liability for the publication of an injurious falsehood stated in § 623A apply to the publication of matter disparaging the quality of another's land, chattels or intangible things, that the publisher should recognize as likely to result in pecuniary loss to the other through the conduct of a third person in respect to the other's interests in the property.[2]

Such "trade libel" does not have to be in writing. See, Comment b to Restatement (Second) of Torts § 626. It is distinguished from slanderous statements affecting business, trade, profession or office. See Comment c to Restatement (Second) of Torts § 573.

■ The dispositive question here is whether defendants are correct that Bock's statements were opinion, for which there is no liability. Both parties extensively discuss *Henry v. Halliburton*, 690 S.W.2d 775 (Mo. banc 1985). It states, quoting from the Restatement (Second) of Torts, § 566: " '[a] defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion.' " 690 S.W.2d at 787. See also *Anton v. St. Louis Suburban Newspapers, Inc.*, 598 S.W.2d 493, 499 (Mo.App. 1980). This principle applies to disparagement of quality or trade libel. Restatement (Second) of Torts, § 626, Comment c.

Whether the alleged statements of Bock are fact or opinion, we conclude that they imply that he has knowledge of undisclosed defamatory facts. *Henry* and *Anton* are not in point because they involved disclosed facts. Such a statement indicates that Bock knew facts establishing that the material of plaintiff was inferior and plaintiff knew it and concealed it. As such, it may constitute actionable defamation. See *Hearst Corp. v. Hughes*, 297 Md. 112, 466 A.2d 486, 495–496 (1983); *Henderson v. Pennwalt Corp.*, 41 Wash.App. 547, 704 P.2d 1256, 1263 (1985). See also 2 Harper, James and Gray, The Law of Torts, § 6.1, pp. 272–273 (2d ed., 1986) (opinion can be damaging because it can be understood that products "were inferior by objective standards of quality to those that customarily pass in the trade").

2. "The law of defamation has always stressed the pecuniary aspects of injury to reputation. It is to be expected, therefore, that special emphasis was placed on those defamatory charges the tendency of which was to interfere with one's livelihood." 2 Harper, James and Gray, The Law of Torts § 5.12, p. 99 (2d ed., 1986).

The judgment is reversed and the cause remanded for further proceedings.

FLANIGAN, P.J., and HOGAN, J., concur.