Jim COALE and Vida Coale,
Plaintiffs–Respondents,

v.

GRADY BROTHERS SIDING
AND REMODELING, INC.,
Defendant–Appellant.

No. 18597.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 1993.

Jack Hoke, Springfield, for defendant-appellant.

Brad D. Eidson, Houston, for plaintiffs-respondents.

GARRISON, Judge.

Plaintiffs filed suit for damages in the Circuit Court of Texas County alleging breach of contract and breach of express warranty in connection with the sale and installation of vinyl siding. The petition alleged that plain-

tiffs were residents of Texas County, Missouri, that defendant was a Missouri corporation with its office and principal place of business in Greene County, Missouri, and that the cause of action accrued in Texas County.

Defendant filed a motion to dismiss for improper venue, which was overruled. Thereafter, no responsive pleadings were filed and an interlocutory judgment was entered, followed by a default judgment. Defendant's sole point on this appeal is that the trial court erred in overruling the motion to dismiss. It suggests that since venue was improper, the trial court did not have jurisdiction to enter the judgment.

Defendant, in its motion to dismiss, alleged that "venue is not proper in Texas County, Missouri." In suggestions filed as a part of the motion, defendant relied on § 508.010(1)[1] which permits an action to be filed either in the county of defendant's residence or the county in which plaintiff resides and defendant may be found. Defendant argued that venue was improper in Texas County because residence of a corporation for venue purposes is the county in which its registered office is maintained and that, in this instance, was Greene County. According to the record before us, the motion was overruled after defendant requested that the court rule on the basis of its suggestions, without oral argument.

■ On this appeal, defendant now relies on § 508.040 which provides in part:

> Suits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

Section 508.040, and not § 508.010(1), is the applicable venue statute when one or more corporations are the sole defendants. *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 197 (Mo. banc 1991); *State ex rel. Allen*

*v. Barker*, 581 S.W.2d 818, 824 (Mo. banc 1979); *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62, 65 (banc 1956); *Crites v. Sho–Me Dragways, Inc.*, 725 S.W.2d 90, 93 (Mo.App.1987). The trial court, therefore, did not err in failing to dismiss the petition on the basis of § 508.010(1), which was inapplicable.

■ Defendant contends that, pursuant to § 508.040, venue is proper in Greene County and not in Texas County because the petition indicates that defendant's registered agent is located there and alleges that "its office and principal place of business [is] located in Greene County, Missouri." A registered agent is not an agent for the transaction of a corporation's usual and customary business within the meaning of § 508.040. *State ex rel. Coca Cola Bottling Co. of Mid–America v. Gaertner*, 681 S.W.2d 445, 447 (Mo. banc 1984). Likewise, an allegation that a corporation has a principal place of business in one county is not the equivalent of an allegation that it does not have or keep an office or agent for the transaction of its usual and customary business in another county.

Defendant also argues that venue is improper under that portion of § 508.040 authorizing actions to be filed in the county "where the cause of action accrued." It argues that, in the instant case, the cause of action, if any, would have accrued at the place where performance was contemplated to have occurred, which would be where the goods and services were to be delivered and performed. Defendant points out that the contract attached to the petition states that the siding was to be installed at the address of plaintiffs, which was listed as "P.O. 208, Mountain Grove." Since Mountain Grove is in Wright County, defendant reasons that any cause of action would have accrued there. The fact that plaintiffs' address and location where the siding was to be installed was listed as a post office box in Mountain Grove does not mean that the plaintiffs lived and the work was necessarily done on a structure situated in

1. All references to statutes are to RSMo 1986, V.A.M.S.

Wright, as opposed to Texas, County. We note that Mountain Grove is in the southeastern portion of Wright County, which is joined by Texas County on the east. It is not unheard of for people to receive their mail through a post office in an adjoining county.

■ Defendant also overlooks the fact that the petition, in the instant case, alleges that the cause of action accrued in Texas County. Such an allegation is sufficient to establish proper venue in the absence of a contrary showing. *Glendale Lumber Co. v. Beekman Lumber Co.*, 152 Mo.App. 386, 133 S.W. 384, 385 (1911). Defendant presented nothing to the trial court to indicate that this allegation was incorrect.

■ The party attacking improper venue has the burden of persuasion and proof that venue is improper. *Cuba's United Ready Mix v. Bock Concrete*, 785 S.W.2d 649, 650 (Mo.App.1990); *Pierce v. Pierce*, 621 S.W.2d 530, 531 (Mo.App.1981). Based on the record before us in the instant case, we are unable to conclude that the trial court erred in overruling defendant's motion to dismiss.

Affirmed.

FLANIGAN, P.J., and CROW, J., concur.