37 F.3d 1503
 1994-2 Trade Cases P 70,752
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Michael H. BROWN, Appellant,
v.
POPULAR MECHANICS; The Hearst Corporation; Joe Oldham;
Cliff Gromer; General Motors Corporation, Appellees.
 No. 94-1654.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 11, 1994.
Filed: Oct. 18, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael H. Brown appeals the district court's[1] dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. We affirm.
 
 
 2
 Brown sued Popular Mechanics magazine, its publisher, its editor, and a writer in Missouri state court. He alleged that he was a manufacturer and distributor of the Fish carburetor, and that he had been defamed by a paragraph in the April 1992 issue of Popular Mechanics which referred to a "myth" that the Fish carburetor " 'allows any car to get 100 mpg.' " Defendants removed the case to federal court and moved to dismiss. Brown then amended the complaint, naming General Motors Corporation (GMC) as an additional defendant and claiming product disparagement/trade libel, imputation of fraud to him as "libel per se," and a conspiracy between GMC and The Hearst Corporation which violated the Sherman Act, 15 U.S.C. Secs. 1, 2. (GMC was never served.) The district court dismissed Brown's amended complaint for failure to state a claim.
 
 
 3
 Such a dismissal, which we review de novo, is proper only if the complaint contains facts which bar recovery or the plaintiff can prove no set of facts allowing recovery. Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993). Missouri law applies to the defamation issues.
 
 
 4
 After reviewing Brown's amended complaint, we conclude dismissal for failure to state a claim was warranted. In his trade libel count, Brown failed to plead the necessary state of mind on defendants' part. See Cuba's United Ready Mix v. Bock Concrete Founds., Inc., 785 S.W.2d 649, 651 (Mo. Ct. App. 1990). As to his "libel per se" count, Brown failed to plead how the allegedly defamatory statement about the Fish carburetor referred to him or would be understood by others as referring to him. See May v. Greater Kansas City Dental Society, 863 S.W.2d 941, 944 (Mo. Ct. App. 1993); Capobianco v. Pulitzer Publishing Co., 812 S.W.2d 852, 854 (Mo. Ct. App. 1991). Finally, Brown failed to state a claim under either Section 1 or Section 2 of the Sherman Act. He connected GMC to Hearst only through the fact that GMC pays for advertising in Popular Mechanics, and he did not plead any overt act by either party in furtherance of the alleged conspiracy. See ES Dev., Inc. v. RWM Enters., Inc., 939 F.2d 547, 553 (8th Cir. 1991), cert. denied, 112 S. Ct. 1176 (1992) (Section 1 violation requires contract, combination, or conspiracy with intent to achieve unlawful objective); Baxley-DeLamar Monuments, Inc. v. American Cemetery Ass'n, 843 F.2d 1154, 1157 (8th Cir. 1988) (Section 2 violation requires existence of conspiracy, specific intent to monopolize, and overt act in furtherance of conspiracy).
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri