STATE ex rel. TRANS WORLD AIRLINES, INC., Relator,

v.

The Honorable Michael P. DAVID, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.

No. SC 86138.

Supreme Court of Missouri, En Banc.

March 15, 2005.

Ronnie L. White, C.J., filed dissenting opinion, in which Barney and Newton, Special Judges, concurred.

Jeffery T. McPherson, James L. Stockberger, G. Keith Phoenix, Todd C. Staton, St. Louis, MO, for Relator.

Kenneth P. Danzinger, Granite City, IL, James P. Holloran, St. Louis, MO, for Respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

Trans World Airlines, Inc. (TWA), a defendant in the underlying personal injury suit, seeks a writ of prohibition barring the trial court from taking any further action in the case other than to transfer it from the Circuit Court of the City of St. Louis to the Circuit Court of St. Louis County, where venue is proper. The trial court overruled TWA's motion to transfer for improper venue solely because the affidavit originally filed in support of the petition was not notarized. TWA initially filed a petition for writ of prohibition in the Court of Appeals, Eastern District, which was denied, and TWA then refiled the petition in this Court, which issued its preliminary writ. The standard of review is abuse of judicial discretion. *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 856–57 (Mo. banc 2001).

Bobbie Mullins, the plaintiff in the underlying suit, filed a personal injury action in the Circuit Court of the City of St. Louis on November 26, 2001. The suit named TWA and International Total Services (ITS) as defendants. The suit arose from an accident that occurred at Lambert St. Louis Airport, located in St. Louis County.

At the time the suit was filed, TWA and ITS were not permitted to file any responsive pleading because they were operating under Chapter 11 of the United States Bankruptcy Code. In June of 2003, however, the bankruptcy court lifted the automatic stays, and the trial court ordered TWA and ITS to "answer, otherwise respond, or raise any applicable venue motions to Plaintiff's First Amended Petition." On July 7 and July 11, 2003, respectively, TWA and ITS filed motions to transfer for improper venue. In their motions, both alleged Mullins' cause of action accrued in St. Louis County and that neither defendant had offices or agents for the transaction of its usual or customary business in the City of St. Louis. In support of its motion, TWA attached what appeared to be an affidavit from TWA representative Michael J. Lichty, but the "affidavit," though signed by Lichty, was not notarized. Though there was a form for attestation after Lichty's signature, the form had not been filled out. By all accounts, the failure to do so was inadvertent.

At that point, Mullins filed a motion to conduct discovery on the issue of whether TWA maintained an office or agent in the City of St. Louis, but Mullins made no mention of the failure to notarize the affidavit. The record does not show whether Mullins was aware of the defect and chose not to raise the issue, or whether Mullins, like TWA, simply overlooked the problem. In any event, the trial court, itself, appears to have overlooked the problem by specifically tailoring its order granting preliminary discovery "to the issues set forth in the Affidavit of Michael Lichty."

For whatever reason, Mullins did not conduct any additional formal discovery although she was given nearly 10 weeks for that purpose, and she merely waited to file her responses the day before the extended deadline expired. In those responses, Mullins did not deny or even address the allegation that neither TWA nor ITS had any agents or offices in the City of St. Louis. Instead she claimed that TWA and ITS waived any right to challenge venue by filing their bankruptcy notices with the court, by filing their entries of appearance with the court, and by serving the parties with a "Notice of Hearing."

On March 9, 2004, the trial court entered an order overruling TWA's and ITS' venue motions. In the order, the court expressly ruled that the venue motions were timely filed and that any pleadings filed prior to the lifting of the bankruptcy stay, including the bankruptcy notices, did not constitute a waiver of their rights to challenge venue. Nonetheless, the trial court denied the venue motions, but on a different ground, finding that TWA did not meet its burden of proof to demonstrate that venue was improper in the City of St. Louis because the affidavit of its representative, Lichty, was signed but not notarized. Apparently, the defect in the affidavit had not been brought to the attention of the court or TWA until oral argument at the hearing on the motions. Thereafter, on March 19, 2004, TWA filed a motion to reconsider and for leave to supplement its motion with a notarized copy of Lichty's affidavit, but the trial court overruled both requests.

█ The parties agree that the applicable venue statute is section 508.040, RSMo 2000, which states that: "Suits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." They also agree that the cause of action accrued in St. Louis County. As noted, however, TWA and ITS asserted that neither TWA nor ITS maintain offices or agents for the transaction of its usual or customary business in City of St. Louis, and again, Mullins' reply to their venue motions did not dispute or even address that fact.[1] In the absence of a dispute on the merits of the improper venue claim, disposition of the case turns on whether TWA and ITS waived that claim by not perfecting the

---

1. The version of Rule 51.045 in effect at the time the motions and reply in this case were filed provided in relevant part:

> (b) Within ten days after the filing of a motion to transfer for improper venue, an opposing party may file a reply *denying* the allegations in the motion to transfer. If a reply is filed, the court shall determine the issue.

> If the issue is determined in favor of the movant or if no reply is filed, a transfer of venue *shall be ordered to a court where* venue is proper.

(Emphasis added.)

The version of the Rule in effect after July 1, 2004, provides that "(b) ... the reply shall set forth the basis for venue in the forum. The court shall not consider any basis not set forth in the reply...."

affidavit, as Mullins contends and the trial court so held.

In that regard, TWA argues that the trial court abused its discretion when it refused to allow TWA to amend its motion for change of venue by submitting an affidavit that was properly notarized and that was otherwise identical in substance to the one attached to the original motion. This Court agrees. Despite the trial court's concern that eight months had elapsed from the date on which TWA filed its venue motion to the date on which TWA tendered the new affidavit, it is uncontroverted that the delay was not due to any improper motive. Instead, TWA was simply unaware that the affidavit was not verified until the court issued its initial order denying the venue motion on March 9, 2003, the same date that corresponds to the more than eight-month lapse after the venue motions were filed. As noted, in the interim, the trial court, itself, issued a discovery order on its own mistaken assumption that there was no problem with the affidavit. And again, Mullins did not raise the issue until the last minute. Finally, and importantly, the amended affidavit did not contain any new allegations, so its admission would not have caused any unfair prejudice to Mullins.

This Court's finding of an abuse of discretion is also informed, if not controlled by, the rules of civil procedure:

First, Rule 55.33 directs that "leave [to amend pleadings] shall be freely given when justice so requires." Although technically, an amendment to a motion for change of venue is not an amendment to a pleading, the policy behind the rule applies no less to motions for change of venue, at least under the version of Rule 51.045 in effect when the trial court made its ruling. This is so because Rule 51.045(a)(1) then provided that motions for change of venue must be filed "[w]ithin the time allowed for

responding to an adverse party's pleading," thus subjecting motions for change of venue to the same filing deadline that was required for answers to petitions. Applying the policy behind Rule 55.33 to the circumstances of the case at hand, justice so required that leave be given to amend the motion.

Second, the new version of Rule 51.045(a), which was not effective until July 1, 2004, provides that "for good cause shown, the court may extend the time to file a motion to transfer venue *or allow the party to amend it.*" (Emphasis added.) Although the trial court was not bound by that provision when it last disallowed the amendment to the affidavit on March 19, 2004, the rule had in fact been published in December of 2003 and reflected the policy of this Court from that time on. Again, applying the rule to the circumstances of the case at hand, TWA had established good cause to allow the amendment.

In sum, the trial court abused its discretion in disallowing the amended affidavit to the motion for change of venue. In turn, the trial court abused its discretion in overruling the motion for change of venue on the merits, as it has been conceded that venue in the City of St. Louis is improper. This Court's preliminary writ of prohibition is made absolute as modified, and the trial court is ordered to transfer the case to St. Louis County.

WOLFF, STITH and PRICE, JJ., concur.

WHITE, C.J., dissents in separate opinion filed.

BARNEY and NEWTON, Sp.JJ., concur in opinion of WHITE, C.J.

TEITELMAN and RUSSELL, JJ., not participating.

RONNIE L. WHITE, Chief Justice, dissenting opinion.

I respectfully dissent. This is not a difficult case. TWA simply did not perfect its motion to transfer and waived venue.

Proper venue is a personal privilege, and objection on the basis of improper venue may be waived.[1] The party challenging venue bears the burden of persuasion and proof that venue is improper.[2] In addition to simply filing a motion for transfer of venue a party must perfect that motion with substantive evidence because unsworn statements by counsel or statements in briefs are not evidence, unless conceded to by opposing counsel.[3]

TWA elected to submit a document signed by Michael J. Lichty to support its motion to transfer. The principal opinion continually refers to this document as being an "affidavit." In reality, no affidavit was ever filed with the trial court. **An affidavit is a written declaration on oath sworn to by a person before someone authorized to administer such oath.**[4] Lacking the required notarization, Mr. Lichty's written statement is nothing more than hearsay and is not competent evidence.[5]

The procedure for filing supporting affidavits with a motion is clearly set out in Rule 44.01(d). Rule 44.01(d) requires supporting affidavits to be served with the motion, period. An affidavit filed by the movant after the initial filing need not be considered at all, even if it is filed on the day of the motion hearing.[6] While an untimely affidavit need not be considered at all, the trial court, in its discretion would be free to grant a motion for an extension of time to amend an incompetent document or a motion for leave to amend the transfer motion in general.

TWA did not file a proper motion for transfer of venue supported with competent evidence. TWA did not even file a supporting affidavit for its transfer motion. TWA did not request any extension of time or seek leave to amend its transfer motion until after the trial court issued its order denying transfer, even though the issue about the written hearsay statement was raised during the motion hearing. It is difficult to accept that TWA was unaware of its failure when the pre-stamped notary signature block on its document, which appeared on the very same page of the document as Mr. Lichty's signature, remained starkly and obviously empty.

From the date the lawsuit was filed, January 10, 2001, until the date when TWA filed its motion for transfer on July 7, 2003, TWA had 908 days to perfect its motion by means of a simple notarization. From the date when the motion was filed, July 7, 2003, until the date of the hearing,

1. Rules 51.045(a), 55.08 and 55.27; *Mogley v. Fleming,* 11 S.W.3d 740, 746 (Mo.App.1999); *Reece v. Reece,* 890 S.W.2d 706, 712 (Mo.App. 1995); *State ex rel. Uptergrove v. Russell,* 871 S.W.2d 27, 29–30 (Mo.App.1993).

2. *State ex rel. Etter, Inc. v. Neill,* 70 S.W.3d 28, 31 (Mo.App.2002); *Coale v. Grady Brothers Siding and Remodeling, Inc.,* 865 S.W.2d 887, 889 (Mo.App.1993); *Cuba's United Ready Mix v. Bock Concrete,* 785 S.W.2d 649, 650 (Mo.App.1990).

3. *State ex rel. Dixon v. Darnold,* 939 S.W.2d 66, 69 (Mo.App.1997).

4. *Hinton v. Proctor & Schwartz, Inc.,* 99 S.W.3d 454, 458 (Mo.App.2003).

5. *Id.; Mueller v. Bauer,* 54 S.W.3d 652, 657 (Mo.App.2001); *Fitzpatrick v. Hoehn,* 746 S.W.2d 652, 655 (Mo.App.1988); *United Labor Committee of Missouri v. Kirkpatrick,* 572 S.W.2d 449, 462 (Mo.1978).

6. Rule 44.01(d); *Stavrides v. Zerjav,* 848 S.W.2d 523, 530 (Mo.App.1993); *Kennedy v. Empire Gas Co., Inc.,* 756 S.W.2d 945, 947 (Mo.App.1988).

December 8, 2003, TWA had an additional 154 days to seek leave to amend so it would have filed a proper motion for transfer. From the date of the motion hearing, December 8, 2003, until the date when the court issued its order, March 9, 2004, TWA had an additional 91 days to seek leave of the court to perfect its motion. In total, TWA had 1153 days (3 years and 58 days) to contemplate, prepare, draft, and perfect its two-page motion for transfer and its two-page affidavit.

Lacking any applicable law or court rules, the principal opinion references Rule 55.33, having no application to motions, and a version of Rule 51.045, not in effect at the time of the trial court's ruling, in order to support its decision.[7] The opinion miraculously concludes that TWA showed "good cause" to justify its late filing of an affidavit in support of its transfer motion, whereas a simple "reality check" confirms that TWA's extremely prolonged failure to file a supporting affidavit for its motion could not even remotely constitute "good cause." Apparently, under the principal opinion's analysis, non-compliance with the rules of procedure and evidence is excusable upon request of an extraordinary writ.

TWA simply failed to file a proper motion for transfer and as such waived venue. Under these facts, I would not find any abuse of discretion on the part of the trial judge for overruling TWA's motion to transfer or overruling its motion to amend the transfer motion to permit the outrageously late attempt at filing a supporting affidavit. I would quash the preliminary writ.

**7.** Rule 55.33, entitled, "Amended and Supplemental Pleadings," cited by the majority for the proposition that leave to amend this transfer motion should be freely granted, applies only to pleadings. Motions concerning procedural matters do not constitute "pleadings." Rule 55.01; *Wulff v. Kakadiaris*, 856 S.W.2d 128, 130 (Mo.App.1993); *Olson v. Auto Owners Ins. Co.*, 700 S.W.2d 882, 885 (Mo.App. 1985); *State v. James*, 347 S.W.2d 211 (Mo. 1961); *Smith v. Smith*, 327 Mo. 632, 37 S.W.2d 902, 904 (1931); *Graff v. Dougherty*, 139 Mo.App. 56, 120 S.W. 661, 662 (1909)(overruled on other grounds in *Schneider v. Schneider*, 273 S.W. 1081, 1083 (Mo.App.1925)). It is, in fact, "beyond question that motions are treated as separate and different from the 'pleadings.'" *Harris v. Nola*, 537 S.W.2d 636, 638 (Mo.App.1976). "Moreover, others of the Rules of Civil Procedure reflect a careful distinction between the use of the term 'pleading' as opposed to the term 'motion.' Thus Rule 55.01 lists the different kinds of pleadings, and does not include any mention of motions." *Id.*